■ KAREN M. HOURIGAN et al., Appellants, v BARBARA K. McGARRY et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered May 14, 1984 in Rensselaer County, which granted defendants' motion for summary judgment dismissing the complaint.

Special Term determined that plaintiffs failed as a matter of law to meet the threshold requirement of serious injury within the meaning of subdivision 4 of section 671 of the Insurance Law (see *Licari v Elliott,* 57 NY2d 230). We are compelled to reverse.

In support of their motion for summary judgment, defendants submitted reports from the treating physician and a consultant, as well as an affidavit from their own medical expert who examined plaintiff Karen Marie Hourigan within a year following the accident. These medical experts are in general agreement that plaintiff sustained no permanent injuries and that any aches or pains about which she continues to complain could be alleviated by weight reduction and/or an exercise program. In response to defendants' motion, plaintiff obtained and submitted an affidavit of a fourth physician, who asserts that his examination more than three years after the accident revealed significant limitation in certain aspects of the motion of plaintiff's lumbosacral spine and cervical spine due to pain. Despite the absence of any objective symptoms of injury, the physician opined that plaintiff's pain resulted from a permanent back and neck condition caused by the accident.

This court has recognized that pain can form the basis of a serious injury within the meaning of the No-Fault Law and that whether it does is ordinarily a triable issue of fact (*Kaiser v Edwards,* 98 AD2d 825, 826). Unlike *Jones v Sharpe* (99 AD2d 859, affd 63 NY2d 645), wherein the plaintiff's medical expert found a mild to moderate injury which may be permanent, plaintiff herein has presented the affidavit of a physician who found significant limitation of motion in plaintiff's spine due to pain and unequivocally expressed the view that the condition was permanent. Accordingly, despite the considerable expert proof to the contrary submitted by defendants, their motion for summary judgment must be denied since the court cannot pass on the credibility of witnesses on such a motion (*Missan v Schoenfeld,* 95 AD2d 198, 207, app dsmd 60 NY2d 860). Rather, the court must accept as true the evidence presented by the nonmoving party, and the motion must be denied if there is any significant doubt as to the existence of a triable issue, or if there

is even arguably such an issue (*Bershaw v Altman,* 100 AD2d 642, 643). The order granting defendants' motion for summary judgment must, therefore, be reversed.

Order reversed, on the law, without costs, and motion denied. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.