■ JOSEPH M. VASILATOS, Respondent, v TERRI L. CHATTERTON, Appellant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Travers, J.), entered April 1, 1987 in Rensselaer County, which denied defendant's motion for summary judgment dismissing the complaint.

The accident giving rise to plaintiff's personal injury claim occurred on October 22, 1979 when plaintiff, riding a bicycle, was struck by a motor vehicle. Suit was commenced in September 1982. Examinations before trial were concluded July 22, 1986 and defendant's medical expert examined plaintiff the following October, after which defendant moved for summary judgment contending that plaintiff could not maintain his action because he had not sustained a "serious injury" as defined by Insurance Law § 5102 (d). Supreme Court determined that there was a triable fact question concerning whether plaintiff had suffered a fracture, recognized as a category of serious injuries under the No-Fault Law (Insurance Law art 51), and denied defendant's motion. We affirm.

At the emergency room of St. Mary's Hospital in the City of Troy, Rensselaer County, to which plaintiff had been taken after the accident, he was treated, examined, X-rayed for rib fractures and referred to Dr. Rudolph Coletti, a fellow of the American College of Surgeons, who then attended plaintiff for approximately five months. The X-ray report impression reads: "There is some irregularity in the anterior left 2nd rib, but no evidence of definite fracture is identified. Clinical correlation is required."

In an affidavit attached to the moving papers, defendant's medical expert, a board-certified orthopedic surgeon, relying in large part on the X-ray report and his own examination of plaintiff, attested that plaintiff presented no objective evidence of pathology attributable to the accident of October 22, 1979. In response, plaintiff offered an affidavit from Dr. Coletti wherein he avers that, based on his examination of the hospital record and an examination he conducted on October 31, 1979, he is of the opinion, expressed with a reasonable degree of medical certainty, that plaintiff did indeed sustain a fracture of the costal cartilage of the left second rib as a result of the automobile and bicycle accident. Defendant would have us reject Dr. Coletti's unequivocally expressed medical opinion as being nothing more than an exercise in speculation because it is contained in an affidavit made some seven years after the accident and the doctor's office notes or records, assuming they have been preserved and are available, which is not at all clear in the record, are not attached. The absence of any reference in the doctor's affidavit to any findings leading him to conclude that a fracture existed is an issue bound up in credibility and the credibility of witnesses is not for the court to pass upon at this stage of the litigation (see, Hourigan v McGarry, 106 AD2d 845; Herman v Powers, 103 AD2d 992).

Insofar as the bill of particulars does not refer specifically to a fracture but to an "irregularity", that deficiency, given that a note of issue has not yet been filed, is one that can be remedied by the furnishing of a supplemental bill of particulars.

Order affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.