■ MYRNA PHILLIPS et al., Respondents, v VINCENT COSTA et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Morrison, J.), dated February 1, 1989, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

Keeping in mind that "a minor, mild or slight limitation of use [of a body function or system] should be classified as

insignificant within the meaning of the statute" *(Licari v Elliott,* 57 NY2d 230, 236), and that "any assessment of the 'significance' of a bodily limitation necessarily requires consideration not only of the extent or degree of the limitation, but of its duration as well" *(Partlow v Meehan,* 155 AD2d 647, 648), it is clear that the plaintiff Myrna Phillips has failed to show that she suffered a "serious injury" as defined by Insurance Law § 5102 (d).

In this case, the plaintiff Myrna Phillips was examined on May 7, 1986, two days after the automobile accident, by a chiropractor who found that the "[r]ange of motion of the cervical spine lateral flexion to right was 5°, to left was the same, but painful. Flexion and Extension was 10° Rotation right 0° to left 0°'". However, in his report dated October 1, 1986, he did not indicate any limitation of motion; rather, he stated that "[f]ollow up exam shows progressive improvement in her condition". The defendants' expert found no limitation in July 1987, and the plaintiff's chiropractor stopped treatments that same month. Moreover, neither Mrs. Phillips' affidavit executed in November 1988 nor the chiropractor's affidavit executed in December 1988 submitted in opposition to the motion for summary judgment set forth any evidence of any limitation of movement or use at that time.

Under these circumstances, the plaintiffs have failed to produce any competent medical evidence to support Mrs. Phillips' claim that she had suffered a " 'significant limitation of use of a body function or system' " *(Partlow v Meehan, supra,* at 647; *see, Ciaccio v J & R Home Improvements,* 149 AD2d 558). Moreover, allegations of subjective complaints of occasional pain or recurrent pain fail to satisfy the statutory threshold showing of a "serious injury" *(see, Scheer v Koubek,* 70 NY2d 678, 679; *Christianson v Metropolitan Suburban Bus Auth.,* 157 AD2d 703). Similarly, the "[p]laintiff's [Myrna Phillips] self-serving comments concerning [her] inability to work, without more, are insufficient to defeat a motion for summary judgment" *(McKnight v LaValle,* 147 AD2d 902, 903; *see, Covington v Cinnirella,* 146 AD2d 565). Rubin, J. P., Balletta, Rosenblatt and Miller, JJ., concur.