■ GEORGE J. PETRONE et al., Appellants, v THOMAS THORNTON et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Nassau County (Lockman, J.), dated June 13, 1989, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff George J. Petrone had not sustained a serious injury as defined in Insurance Law § 5102 (d) and (2) as limited by their brief, from so much of an order of the same court, dated September 22, 1989, as, upon reargument and renewal, adhered to the original determination.

Ordered that the appeal from the order dated June 13, 1989, is dismissed, as that order was superseded by the order dated September 22, 1989, made upon reargument and renewal; and it is further,

Ordered that the order dated September 22, 1989, is reversed insofar as appealed from, on the law, the order dated June 13, 1989, is vacated, and the defendants' motion for summary judgment is denied; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The medical reports submitted by the defendants, together with the affidavit of the injured plaintiff's treating physician, were sufficient to establish a prima facie case that the plaintiff George J. Petrone sustained a "serious injury" within the meaning of Insurance Law § 5102 (d) *(see, Lopez v Senatore,* 65 NY2d 1017). Consequently, the court improperly granted summary judgment to the defendants.

In order to establish that he suffered a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]), the plaintiff was required to provide objective evidence of the extent or degree of the limitation and its duration *(see, Partlow v Meehan,* 155 AD2d 647). The affidavit of the plaintiff George J. Petrone's treating physician described the course of treatment since the accident and Mr. Petrone's complaints of neck pain and restricted movement. Although the affidavit did not include an objective measurement of the purported restriction in movement of his cervical spine, Mr. Petrone could glean such findings from the report

of a physician who examined him on behalf of the defendants over a year after the accident. Furthermore, the objective medical findings in the record create a question of fact as to whether Mr. Petrone's claim of persistent pain upon certain neck movements amounted to a "permanent consequential limitation of use of a body [function] or [system]" (Insurance Law § 5102 [d]; *see, Ottavio v Moore,* 141 AD2d 806). Evidence submitted by Mr. Petrone that his subjective complaints were due to a condition which predated the accident presents a question of credibility which precludes granting summary judgment *(see, Lopez v Senatore, supra).* Bracken, J. P., Lawrence, Eiber, Harwood and Rosenblatt, JJ., concur.