■ JOSEPH CAMMARERE et al., Appellants, v FRANK VILLANOVA, Respondent.—Mercure, J. Appeal from an order of the Supreme Court (Doran, J.), entered July 27, 1989 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

In this action to recover damages for personal injuries sustained in a two-car collision which occurred in March 1985, defendant sought summary judgment on the ground that plaintiff Joseph Cammarere (hereinafter plaintiff) did not suffer a "serious injury" as defined by Insurance Law § 5102 (d). Supreme Court granted the motion reasoning, *inter alia,* that the conclusions of plaintiff's expert were factually unsupported and, thus, mere speculation. Plaintiffs have appealed.

To support his motion, defendant presented the affirmation of Dr. Dominic Sette-Ducati, a neurologist who examined plaintiff on defendant's behalf on July 7, 1987. Sette-Ducati noted that plaintiff had a full range of motion in his neck after measurement with a goniometer and that any limitation would be 10% at most. He further opined that plaintiff had "[n]o residual to the accident in the form of a radiculopathy or other process". We agree with Supreme Court that this evidence satisfied defendant's burden of making a prima facie showing of entitlement to judgment as a matter of law *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853).

It was thus incumbent on plaintiff to come forward with competent evidence to demonstrate a triable issue as to whether a "serious injury" existed *(see, Colvin v Maille,* 127 AD2d 926, *lv denied* 69 NY2d 611). Plaintiff submitted, *inter alia,* an affidavit of his treating physician, Dr. Peter Bakal, wherein he avers that plaintiff, as a result of injuries attributable to the accident, "had at least a 30% restriction of motion generally * * * and a 30% disability", and that plaintiff's injuries were permanent. Bakal also averred that plaintiff "received a significant and substantial limitation in the use of his neck, right shoulder and lumbar spine". Plaintiff also submitted Bakal's office records and the videotape and transcript of his examination before trial. Bakal testified that plaintiff "was at least 50 per cent disabled at the time of the accident [and eventually had] a 30 per cent disability".

The Court of Appeals has held that the "mere repetition of

the word 'permanent' in the affidavit of a treating physician is insufficient to establish 'serious injury', and that summary judgment should be granted for defendant where the plaintiff's evidence is limited to conclusory assertions tailored to meet statutory requirements" *(Lopez v Senatore,* 65 NY2d 1017, 1019). Moreover, a medical opinion premised solely on a plaintiff's subjective complaints is insufficient to support a claim of serious injury *(see, Kordana v Pomellito,* 121 AD2d 783, 784, *appeal dismissed* 68 NY2d 848; *Zoldas v Louise Cab Corp.,* 108 AD2d 378, 384; *see also, Albanese v Stevens,* 148 AD2d 805). We agree with Supreme Court that, given the absence of any objective medical findings in the office records and the fact that X rays of the neck and back were negative for fractures, a great deal of reliance is placed on the subjective complaints of plaintiff.

At the same time, a court cannot pass upon the credibility of witnesses at this stage of the litigation *(see, Vasilatos v Chatterton,* 135 AD2d 1073, 1074) and must view the evidence in the light most favorable to plaintiff, the nonmoving party *(see, Hourigan v McGarry,* 106 AD2d 845). Here it is undisputed that Bakal's unequivocal diagnosis was made after his examination of plaintiff, a patient who received treatments at his office over a period of 10 months. Further, although not noted in the progress record, Bakal testified that he continued to observe spasm, an objective finding, in plaintiff's cervical area during the course of his treatment of plaintiff. In these circumstances, the absence of objective support for Bakal's diagnosis in the progress record "simply heightens the credibility issue" which the divergent medical evidence presents *(King v Clark,* 120 AD2d 880, 881; *see, Vasilatos v Chatterton, supra; Hourigan v McGarry, supra).* We, therefore, disagree with Supreme Court's conclusion that, absent objective medical findings in the progress record, Bakal's opinion is insufficient to create a factual issue as to whether plaintiff sustained a serious injury.

Finally, while plaintiff was never confined to his bed or his home and missed no time from his 15-hour-per-week job as a loan officer for a credit union, the proof, considered in a light most favorable to plaintiff, also raises a triable issue as to whether plaintiff was prevented from performing substantially all daily activities for the statutorily required 90 days following the occurrence of the injury *(see,* Insurance Law § 5102 [d]; *Thomas v Drake,* 145 AD2d 687, 689). Giving due regard to plaintiff's testimony that he was unable to engage in recreational activities and perform household chores during the

relevant time frame, the absence of a notation in the progress record regarding any limitation of plaintiff's activities does not foreclose consideration of the issue by the trier of fact.

Order reversed, on the law, with costs, and motion denied. Kane, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.