■ MARC KERNES, Respondent, v PINE PLAINS CENTRAL SCHOOL et al., Appellants.—Mahoney, P. J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Juiduce, J.), entered February 23, 1990 in Dutchess County, which denied defendants' motion for summary judgment dismissing the complaint.

On January 25, 1986, plaintiff and defendant Rodney Bathrick were involved in an automobile accident near the Taconic State Parkway in the Town of La Grange, Dutchess County. Plaintiff subsequently commenced this action against Bathrick and defendant Pine Plains Central School as owner of the Bathrick vehicle. Plaintiff alleged that defendants' negligence resulted in damage to his back constituting serious injury as defined by Insurance Law § 5102 (d). Defendants subsequently learned through discovery that plaintiff had been injured in a previous automobile accident occurring in July 1984, which also resulted in injury to plaintiff's back. Plaintiff had commenced a lawsuit to recover for the back injuries sustained in the 1984 accident and had previously settled that case for $35,000 in January 1987. Defendants herein moved for summary judgment on the grounds, *inter alia,* that plaintiff did not suffer a serious injury from the 1986 accident because the injuries he allegedly sustained therefrom were essentially the same as those caused by the 1984 accident and that plaintiff has been fully compensated therefor. In opposition, plaintiff submitted, *inter alia,* the affidavit of a doctor stating that plaintiff's injuries from the 1986 accident were different from those sustained in the 1984 accident. Supreme Court denied the motion and this appeal followed.

We affirm. As this court has often stated, summary judgment is extreme and therefore appropriate only where there is no doubt as to the lack of triable issues of fact *(see, e.g., Passonno v Hall,* 125 AD2d 767). Here, the affidavit of Dr. Nathaniel Shafer is sufficient to create triable issues of fact and defeat defendants' motion for summary judgment. Shafer stated that the injuries to plaintiff's back resulting from the 1986 accident "are substantially different, severe, and more

disabling than those relating to his 1984 accident". Shafer diagnosed those injuries as a "disabling condition" of chronic sciatic syndrome which has rendered plaintiff "disabled from employment" since the 1986 accident. This opinion is sufficiently based on the examination and treatment of plaintiff after the 1986 accident to create triable issues of fact as to the degree of injury sustained by plaintiff therein as opposed to those injuries sustained in his earlier accident (see, Lopez v Senatore, 65 NY2d 1017; Whiteford v Smith, 168 AD2d 885; Petrone v Thornton, 166 AD2d 513).

Order affirmed, without costs. Mahoney, P. J., Casey, Levine, Mercure and Harvey, JJ., concur.