■ ELLA M. BECKETT, Respondent, v EDWARD CONTE et al., Appellants.—In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Robbins, J.), dated February 6, 1990, which denied their motion for summary judgment dismissing the complaint predicated on the plaintiff's failure to meet the threshold requirement of a "serious injury" as defined by Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff failed to establish a prima facie case that she sustained "serious injury" within the meaning of Insurance Law § 5102 (d). The plaintiff sought to recover damages by claiming she had suffered a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). In order to establish that she suffered such a "significant limitation", the plaintiff was required to provide objective evidence of the extent or degree of the limitation and its duration (see, Petrone v Thornton, 166 AD2d 513; Phillips v Costa, 160 AD2d 855; Partlow v Meehan, 155 AD2d 647). Although the plaintiff submitted the affidavits of a chiropractor and a neurosurgeon, both of whom found that she had suffered an 11% impairment of the dorsolumbar spine due to injuries suffered in an automobile accident, the affidavits were prepared two to three years after the medical examinations upon which the opinions therein were based (see, O'Neill v Rogers, 163 AD2d 466;

*Philpotts v Petrovic,* 160 AD2d 856; *Covington v Cinnirella,* 146 AD2d 565). Thus, there was insufficient proof of the duration of the alleged impairment. Notably, the affidavits of the defendants' medical experts stated that the plaintiff had suffered no "residual disability", and no evidence existed of any neurological dysfunction. In her affidavit, the plaintiff contends that she continues to suffer pain and is unable to work due to the injuries suffered in the accident. The plaintiff's subjective complaints of recurrent pain are insufficient under these circumstances to satisfy the statutory threshold of a "serious injury" *(see, Scheer v Koubek,* 70 NY2d 678, 679; *Phillips v Costa, supra).* Moreover, even though the plaintiff continues to be unemployed, there is insufficient medical proof connecting her lack of employment to her accident-related injuries and, thus, her self-serving comments concerning her inability to work are insufficient to defeat the motion for summary judgment *(see, Phillips v Costa, supra; Covington v Cinnirella, supra; McKnight v Murabito,* 139 AD2d 571). Kunzeman, J. P., Harwood, Eiber and Balletta, JJ., concur.