■ GLORIA MEROLA, Appellant, v STATE OF NEW YORK, Respondent. [612 NYS2d 948] —In a negligence claim to recover damages for personal injuries, the claimant appeals, as limited by her brief, from so much of a judgment of the Court of Claims (Lengyel, J.), dated July 15, 1991, as, upon finding her 50% at fault in the happening of the accident, awarded her damages for pain and suffering, but did not award her any damages for lost earnings.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In the exercise of our factual review power, we find that the overly speculative testimony of the claimant's expert was insufficient to establish that any future earning potential was lost by the claimant as a result of the subject accident. Accordingly, we find that the Court of Claims properly held that no award of damages for lost earnings could be made under the circumstances. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.

■ ROBERT MINUTA et al., Respondents, v MIRON LUMBER COMPANY, INC., et al., Appellants. [612 NYS2d 948] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated July 15, 1992, which, upon reargument, denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

We agree with the Supreme Court that there is a question of fact as to whether the injured plaintiff suffered a "serious injury" within the meaning of Insurance Law § 5102 (d). Thus, the court correctly denied the defendants' motion for summary judgment (see, Insurance Law § 5104 [a]; *Licari v Elliott,* 57 NY2d 230; *Petrone v Thornton,* 166 AD2d 513). Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.