■ DEBORAH A. FASCE, Respondent, v GRZ ASSOCIATES et al., Appellants. (And a Third-Party Action.) (Action No. 1.) GREG ALPER, Respondent, v GRZ ASSOCIATES et al., Appellants. (Action No. 2.) [646 NYS2d 153] —On the Court's own motion, it is,

Ordered that the unpublished decision and order of this Court dated April 8, 1996, in the above-entitled case, is recalled and vacated, and the following decision and order is substituted therefor:

In two related actions to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (O'Brien, J.), dated April 27, 1995, which denied their motion for summary judgment dismissing the complaints in both actions on the ground that neither plaintiff had sustained a serious injury as defined by Insurance Law § 5102 (d).

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof which denied that branch of the motion which was to dismiss the complaint against Greg Alper in Action No. 2 and substituting therefor a provision granting that branch of the motion and the complaint in Action No. 2 is dismissed; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In his affirmation in opposition to the motion dated February 27, 1995, orthopedist William J. Kulak indicated that an examination he performed on the plaintiff in Action No. 1, Deborah A. Fasce, 11 months after the accident "revealed a deficit in left cervical rotation at 25 degrees". This medical evidence raised a triable issue of fact as to whether Ms. Fasce had suffered a " 'significant limitation of use of a body function or system' " *(Beckett v Conte, 176 AD2d 774)* and thus as to whether she had sustained a serious injury as defined by Insurance Law § 5102 (d).

However, the affirmation prepared by Dr. Darka H. Genza, a chiropractor, which the plaintiff in Action No. 2, Greg Alper, submitted in opposition to the motion, failed to provide objective evidence of the degree or extent of the alleged "significant limitation" and thus was insufficient to defeat the motion for summary judgment *(see, Beckett v Conte, supra; Petrone v Thornton,* 166 AD2d 513; *Phillips v Costa,* 160 AD2d 855). Sullivan, J. P., Copertino, Santucci and Goldstein, JJ., concur.