■ Tremaine A. Eason, Respondent, v Helen J. Panza et al., Defendants, and Rallye Leasing, Inc., Appellant. [648 NYS2d 666] —In a negligence action to recover damages for personal injuries, the defendant Rallye Leasing, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), entered September 22, 1995,

as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the appellant's motion is granted, the complaint is dismissed insofar as asserted against the defendant Rallye Leasing, Inc., and the action against the remaining defendants is severed.

The evidence submitted by the appellant made out a prima facie case that the plaintiff failed to sustain a serious injury as defined by Insurance Law § 5102 (d).

In order to establish that the plaintiff suffered a "significant limitation", the plaintiff was required to provide objective evidence of the extent or degree of the limitation and its duration (*see, Beckett v Conte*, 176 AD2d 774). Although the affidavit submitted by the plaintiff's chiropractor, Dr. Lisa A. Szambel, appears to constitute such evidence, the opinions expressed therein as to the extent of the plaintiff's limitation were based on a medical examination performed on the same day as the accident. Thus, there was insufficient proof of the duration of the alleged impairment (*Beckett v Conte, supra*). Rosenblatt, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.