■ LISA OQUENDO et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Defendant, and DANIELLE R. ALMANY et al., Appellants. [668 NYS2d 398] In an action to recover damages for personal injuries, etc., the defendants Danielle R. Almany and Sally Almany appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated May 2, 1997, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the appellants' motion is granted, and the complaint is dismissed insofar as asserted against them.

The appellants met their initial burden of establishing a prima facie entitlement to judgment as a matter of law. The burden thereafter shifted to the plaintiffs to come forward with

sufficient evidence to demonstrate the existence of a question of fact as to whether the injured plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler*, 79 NY2d 955, 956-957). In this regard, the affirmation of the injured plaintiff's chiropractor was insufficient in that it failed to set forth the duration of the injured plaintiff's alleged impairment (*see, Beckett v Conte*, 176 AD2d 774; *see also, Medina v Zalmen Reis & Assocs.*, 239 AD2d 394; *Marshall v Albano*, 182 AD2d 614). In addition, the injured plaintiff's subjective complaints of recurrent pain set forth in her affidavit were insufficient to establish serious injury (*see, Beckett v Conte, supra*). Furthermore, the unsworn reports by the injured plaintiff's treating physicians cannot be considered (*see, Lincoln v Johnson*, 225 AD2d 593; *Fernandez v Shields*, 223 AD2d 666; *Pagano v Kingsbury*, 182 AD2d 268). Since the plaintiffs submitted no other admissible evidence, the appellants' motion should have been granted. Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.