■ CHRISTINE LUBRANO, Respondent, v CONSTANTINE PAPANDREOU, Appellant. [692 NYS2d 153] —In an action, inter alia, to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Davis, J.), entered June 17, 1998, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The report of the defendant's expert was properly submitted in support of the motion for summary judgment, as it was affirmed under the penalty of perjury and, as a result, had the

same force and effect as an affidavit (*see,* CPLR 2106; *Cocivera v Waldowsky,* 258 AD2d 613; *Farjam v Michael Mgt.,* 253 AD2d 535; *Caruso v Rotondi,* 248 AD2d 425). That report and the other medical records established, prima facie, that the plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Del v Eberhart Constr. Co.,* 259 AD2d 589).

In opposition, the plaintiff submitted the unsworn report of her treating physician, without offering any acceptable excuse as to why she failed to obtain a sworn, admissible report (*see, Oquendo v New York City Tr. Auth.,* 246 AD2d 635, 636; *Bendik v Dybowski,* 227 AD2d 228, 229). As a result, the Supreme Court erred in relying on the report of the plaintiff's expert to determine that an issue of fact existed.

Finally, even if the report of the plaintiff's expert is viewed in conjunction with the other admissible evidence, it failed to raise any issue of fact with respect to the categories of serious injury that she alleged (*see, Licari v Elliott,* 57 NY2d 230, 238; *Andrews v Nachman,* 258 AD2d 607; *Morgan v Beh,* 256 AD2d 752; *Burnett v Miller,* 255 AD2d 541; *Lashway v Groshans,* 241 AD2d 832, 834). Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.