■ PAULINE KIM and Another, Infants, by Their Mother and Natural Guardian, YOUN BAE KIM, et al., Appellants, v DONG KIM et al., Respondents. [697 NYS2d 676] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Goldstein, J.), dated October 20, 1998, which granted the respective motions of the defendants Dong Kim and Alan Karl Jacobs for summary judgment dismissing the complaint insofar as asserted against them on the ground that the infant plaintiffs did not sustain serious injuries within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with one bill of costs.

The Supreme Court did not err in ruling that the defendants established their entitlement to judgment as a matter of law by submitting evidence that the infant plaintiffs did not sustain serious injuries within the meaning of Insurance Law § 5102 (d), and that the plaintiffs failed thereafter to demonstrate the existence of an issue of fact requiring a trial. The affidavits of the plaintiffs' physician merely recited the measurements of the infant plaintiffs' alleged limitations of cervical and lumbar motion that had been obtained 20 months earlier (less than two weeks after the accident). In addition, the physician's affidavit failed to articulate any opinion as to permanency (*see, e.g., Mobley v Riportella,* 241 AD2d 443; *Gill v O.N.S. Trucking,* 239 AD2d 463; *Beckett v Conte,* 176 AD2d 774). Bracken, J. P., Santucci, Altman, Friedmann and H. Miller, JJ., concur.