■ ELYSE WEISSMAN, Appellant, v EUGENE F. NALLY et al., Respondents. [716 NYS2d 868] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 26, 1999, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered January 31, 2000, dismissing the complaint. The plaintiff's notice of appeal from the order is deemed to be also a notice of appeal from the judgment (*see,* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

In support of their motion for summary judgment, the defendants made out a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) through the affirmed medical report of an orthopedic surgeon (*see, Gaddy v Eyler,* 79 NY2d 955). The only medical evidence submitted by the plaintiff in opposition to the motion, the affirmation prepared by a board-certified orthopedic physician, failed to provide objective evidence of the extent or degree of the plaintiff's alleged limitation of motion in the cervical spine area and its duration (*see, Grossman v Wright,*

268 AD2d 79; *Beckett v Conte,* 176 AD2d 774). Accordingly, the plaintiff failed to raise a triable issue of fact (*see,* CPLR 3212 [b]). Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.