Iris **MOLINA**, Plaintiff,

v.

**UNITED STATES of America and Norffy Castro, Defendants.**

**UNITED STATES of America, Third–Party Plaintiff,**

v.

**Norffy Castro and Mario Molina, Third–Party Defendants.**

**No. 01 Civ.11209 VM.**

United States District Court, S.D. New York.

Feb. 4, 2004.

Brett R. Hupart, Krieger & Wilansky, Bronx, NY, for Iris Molina.

. Leila M. Maldonado, Brooklyn, NY, for Norffy Castro.

Krishna R. Patel, New York, NY, for U.S.

### DECISION AND ORDER

MARRERO, District Judge.

This action arises out of a collision between a United States Postal Service ("USPS") vehicle and another vehicle in which plaintiff Iris Molina ("Molina") was a passenger and was injured. She seeks to recover damages for her injures against the United States (the "Government") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). The Government moves for summary judgment on the ground that, under New York law, Molina has not suffered a "serious injury," which is a prerequisite for her to recover under the FTCA. The motion is granted.

### I. BACKGROUND [1]

On May 29, 1999, Molina's husband Mario Molina was driving the couple west on 120th Street in Manhattan when they took a left turn onto Broadway and collided with an eastbound USPS vehicle. Molina was taken by ambulance to the hospital, and released the same day. The doctors did not give her any medication, and Molina cannot recall being prescribed any medication.

---

1. The factual summary is derived from (1) the complaint; (2) the declaration of Richard E. Rosberger, dated August 26, 2003; and (3) the affirmation of Brett R. Hupart, dated October 21, 2003, as well as the exhibits attached to those documents. The Court will not cite these sources further.

Molina visited Dr. Eric Jacobson ("Jacobson") on June 5, 1999, and she reported pain and a limited range of motion in her neck, left knee, shoulder, and lower back, as a result of the accident. Jacobson issued Molina a note indicating that she should not return to her job – she works in the housekeeping department of the Salvation Army – until further examination. Two days later, Molina underwent a spinal range-of-motion examination with a physical therapist who was working under Jacobson's supervision. That examination determined that Molina suffered from a 23 percent impairment of motion in her neck and lower back.

In a subsequent visit to Jacobson, Molina indicated she was still in pain, so Jacobson sought to have Molina undergo more testing. First, Jacobson referred Molina to another doctor to perform an MRI. The MRI ruled out the possibility of a herniated disc, but showed that Molina had two slightly bulging discs in her back. Second, Jacobson referred Molina to Dr. Klara Sosina ("Sosina") to see if Molina suffered from lumbar radiculopathy, a type of back pain involving the nerve root. Sosina determined that Molina did not suffer from lumbar radiculopathy. Sosina recommended that Molina continue with physical therapy, and that she report to a physician for a follow-up visit in four weeks. Three and a half weeks later, on September 27, 1999, Molina went for her final visit to Jacobson, and he told Molina she could return to work by November 1, 1999, with no limitations.

Molina returned to visit Sosina in February 2003, apparently in connection with this lawsuit. Although Molina reported continuing neck and back pain, Sosina testified that her tests upon Molina did not reveal anything abnormal.

## II. STANDARD FOR A SUMMARY JUDGMENT MOTION

The Court may grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court must first look to the substantive law of the action to determine which facts are material; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Even if the parties dispute material facts, summary judgment will be granted unless the dispute is "genuine." *Id.* at 249, 106 S.Ct. 2505. "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id.* at 252, 106 S.Ct. 2505.

Throughout this inquiry, the Court must view the evidence in the light most favorable to the non-moving party and must draw all reasonable inferences in favor of that party. *See Hanson v. McCaw Cellular Communications, Inc.*, 77 F.3d 663, 667 (2d Cir.1996).

## III. DISCUSSION

 Under the FTCA, a plaintiff may recover against the Government for personal injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the [plaintiff] in accordance with the law of the place where the act or omission occurred."

28 U.S.C. § 1346(b)(1). Accordingly, the Court must determine whether the Government, if a private person, would be liable to Molina under New York law. New York's No–Fault Law precludes recovery for non-economic loss in auto accident cases, except where the plaintiff has suffered a "serious injury." N.Y. Ins. Law § 5104(a). As is relevant here, serious injury includes:

> [1] permanent consequential limitation of use of a body organ or member; [2] significant limitation of use of a body function or system; [3] or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

N.Y. Ins. Law § 5102(d). Because part of the purpose of the statute is to "curtail[ ] costly and time-consuming court trials," it is proper to decide the question of whether a plaintiff has suffered a serious injury at the summary judgment stage. *See Licari v. Elliott,* 57 N.Y.2d 230, 455 N.Y.S.2d 570, 441 N.E.2d 1088, 1091–92 (1982). Once a defendant makes a *prima facie* case that the plaintiff has not suffered a serious injury, the plaintiff then has the burden to submit evidence to support her claim of serious injury. *See Gaddy v. Eyler,* 79 N.Y.2d 955, 582 N.Y.S.2d 990, 591 N.E.2d 1176, 1177 (1992). The claim "must be supported by medical proof based upon credible medical evidence of an objectively measured and quantified medical injury or condition." *Lanuto v. Constantine,* 192 A.D.2d 989, 596 N.Y.S.2d 944, 945 (App. Div.3d Dep't 1993). A "medical opinion premised solely on a plaintiff's subjective complaints is insufficient to support a claim of serious injury." *Cammarere v. Villanova,* 166 A.D.2d 760, 562 N.Y.S.2d 808, 810 (App. Div.2d Dep't 1990).

Molina argues that her injuries satisfy all three of the above definitions. In particular, Molina argues that her limited range of joint motion immediately following the accident constituted a "significant limitation" and that those injuries prevented her from performing her "usual and customary daily activities" during the five months before she returned to work. Molina argues that her injuries are a "permanent" limitation because she still suffers from back pain, and occasionally pain in her neck and arm. She asserts that she cannot lift heavy objects, walk for long distances, or sit for long periods of time. The Government counters that Molina has not provided any *objective* evidence that her injuries meet the standard for "serious injury."

As an initial matter, the Court must grant the Government summary judgment on the ground that Molina has failed to comply with Local Rule 56.1, which requires her to submit "a separate, short and concise statement of material facts as to which it is contended that there exists a genuine issue to be tried." S.D.N.Y. Local R. 56.1(b). Molina has not submitted such a statement, and the consequence is that all of the facts in the Government's statement "will be deemed to be admitted." S.D.N.Y. Local R. 56.1(c). Taking all of those facts to be true defeats all of Molina's allegations and stands as an independent ground to enter judgment on the Government's behalf. Alternatively, the Court agrees with the Government that, as a matter of law, Molina has not demonstrated that she suffered from a serious injury.

The Government has easily made a *prima facie* case that Molina's injuries do not meet the relevant standard for serious injury. The Government has submitted the

affidavit of its expert, Dr. George DiGiacinto ("DiGiacinto"), who examined Molina in November 2002 and determined that she had a full range of motion in her neck and lower back, and that there were no objective signs that she suffered any relevant limitation. DiGiacinto also reviewed Molina's 1999 MRI and concluded that her bulging discs were not caused by the accident but were instead degenerative. Her examining physician, Jacobson, testified that Molina should have been able to perform her normal daily functions within a week following the accident. Sosina, the most recent doctor to examine Molina, also concluded that there was no objective evidence of a relevant limitation.

Molina has failed to sufficiently counter this evidence. The evidence of Molina's bulging discs is inadmissible because it is based solely upon an unsworn report from a doctor who has not submitted a sworn affidavit or otherwise participated in this litigation. *See, e.g., Friedman v. U–Haul Truck Rental,* 216 A.D.2d 266, 627 N.Y.S.2d 765, 766 (App. Div.2d Dep't 1995) (holding unsworn MRI report inadmissible to establish serious injury). In any event, even assuming the admissibility of this evidence and assuming the accident caused the bulging discs, Molina has failed to provide objective evidence of the extent or degree of the alleged resulting physical limitation. *See Ceglian v. Chan,* 283 A.D.2d 536, 724 N.Y.S.2d 762 (App. Div.2d Dep't 2001) (reversing denial of summary judgment because plaintiff failed to provide "sufficient objective proof of the extent or degree of the alleged physical limitations resulting from the disc injuries").

Jacobson's deposition testimony as to Molina's neck and back limitations is based entirely upon Molina's subjective complaints of pain, which, as stated above, is insufficient. Moreover, that evidence related to Molina's injury in the days immediately following the accident. Without any objective evidence that these alleged limitations lasted much longer, no reasonable juror could conclude that Molina's injuries were permanent, significant, or curtailed her customary activities for more than 90 days. *See, e.g., Kim v. Kim,* 266 A.D.2d 190, 697 N.Y.S.2d 676, 677 (App. Div.2d Dep't 1999) (holding that evidence of alleged limitations obtained soon after accident was, without more, insufficient to survive summary judgment); *see also Petrone v. Thornton,* 166 A.D.2d 513, 561 N.Y.S.2d 49, 50 (App. Div 2d Dep't 1990) (holding that "duration" of limitation is a factor in determining whether limitation is "significant").

Finally, Molina's complaint alleges that she suffered economic losses, the first $50,000 of which are unrecoverable under New York law. *See* N.Y. Ins. Law § 5104(a) (barring recovery for "basic economic loss"); *id.* § 5102(a) (defining "basic economic loss" as up to $50,000 in certain losses). The Government has submitted evidence that Molina's economic losses were much less, and Molina's opposition does not attempt to contest the Government's argument. Thus, the Court concludes that Molina is not entitled to economic losses as a matter of law.

## IV. *ORDER*

For the stated reasons, it is hereby

**ORDERED** that the motion of defendant United States (the "Government") for summary judgment is granted and the complaint of plaintiff Iris Molina is dismissed in its entirety with prejudice. The Clerk of Court is directed to enter judgment on behalf of the United States; and it is finally

**ORDERED** that the Government advise the Court by February 13, 2004 whether, in light of the Court's dismissal by this Order of the complaint of plaintiff Iris Molina, the Government intends to pro-

ceed with its third-party action against the third-party defendants herein.

**SO ORDERED.**