■ MIRIAM GALARZA, Appellant, v ANGEL GALARZA et al., Defendants, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Nonparty Respondent. [612 NYS2d 952] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Gloria Cohen Aronin, J.), dated December 16, 1991, which denied her motion to compel the Motor Vehicle Accident Indemnification Corporation to accept as timely her notice of claim pursuant to Insurance Law § 5208.

Ordered that the order is affirmed, with costs.

Since the plaintiff did not demonstrate the requisite degree of diligence in ascertaining whether a policy of insurance was in effect at the time of the accident, her notice of claim was untimely (see, Insurance Law § 5208 [a] [3] [A] [ii]; Matter of Lloyd [MVAIC], 23 NY2d 478, 482; Sain v Forrest, 130 AD2d 733; Matter of Nassau Ins. Co. v Doyle, 114 AD2d 899). Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.

■ KEITHLYN GANT, Respondent, v MICHAEL SPARACINO, Appellant. [612 NYS2d 952] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Milano, J.), dated June 18, 1992, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

There is evidence in the record that, as a result of injuries suffered in an automobile accident with the defendant, the plaintiff was out of work for 16 weeks. This fact, if true, is sufficient to meet the threshold requirement of Insurance Law § 5102 (d) that the plaintiff make a prima facie showing of "serious injury". A court in deciding a summary judgment motion must view all the evidence in the light most favorable to the party opposing the motion (see, Passonno v Hall, 125 AD2d 767), and if there is a triable issue of fact, must deny the motion (see, Hourigan v McGarry, 106 AD2d 845). Therefore, the Supreme Court correctly denied the defendant's motion for summary judgment dismissing the complaint. Sullivan, J. P., Lawrence, Pizzuto, Joy and Goldstein, JJ., concur.