■ DARA FOGLIANI, Appellant, v LORRAINE C. SALVATO et al., Respondents. [613 NYS2d 415] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Cusick, J.), dated July 14, 1992, which, after a jury trial on the issue of damages, dismissed the complaint.

Ordered that the judgment is reversed, on the facts and as a matter of discretion, with costs, and a new trial is granted on the issue of damages only.

The plaintiff, a passenger in the front seat of a vehicle driven by the defendant Salvatore Salvato, suffered injuries

when the vehicle hit a guardrail. At the liability phase of the trial, the jury found the defendants 100% at fault in the happening of the accident. At the trial on the issue of damages, the plaintiff presented evidence that her left ankle was fractured in the accident. The jury found, however, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident, and the complaint was dismissed.

We find that the verdict with respect to damages was against the weight of the evidence as it could not have been reached on any fair interpretation of the evidence *(see, Nordhauser v New York City Health & Hosps. Corp.,* 176 AD2d 787; *Nicastro v Park,* 113 AD2d 129; *see also, Cohen v Hallmark Cards,* 45 NY2d 493). The plaintiff testified that she did not get out of the vehicle after the accident until the defendant drove her to her mother's house. There, she fell when she stepped out of the vehicle and stood on her left foot. Her ankle was so swollen that her mother had to cut the laces to remove her sneaker, and X rays taken at the hospital later that morning revealed a fracture. The plaintiff wore a cast for eight weeks and thereafter underwent arthroscopic surgery to repair damaged tissue and cartilage. The plaintiff's expert, who performed the surgery, testified that the injury to her ankle resulted in traumatic arthritis which would ultimately require the plaintiff to either permanently wear a brace, replace the ankle surgically, or have the ankle surgically fused, which would result in permanent stiffness. The defendants did not present any witnesses but sought to show through cross-examination that the injury to the plaintiff's ankle could have occurred when she "stumbled" out of the vehicle at her mother's house.

Although deference is traditionally accorded to jury verdicts in favor of defendants in tort cases *(see, Nicastro v Park, supra),* "the courts may set aside a jury verdict and grant a new trial when the jury's determination is palpably incorrect and a substantial injustice would be done if the verdict were sustained" *(Nordhauser v New York City Health & Hosps. Corp.,* 176 AD2d, *supra,* at 789). The jury's finding that the plaintiff did not sustain a serious injury, or, if she did sustain a serious injury, that the accident was not a proximate cause of the injury, is contrary to any fair interpretation of the evidence.

In light of our decision to grant the plaintiff a new trial, we need not reach her remaining contentions. O'Brien, J. P., Santucci, Altman and Krausman, JJ., concur.