■ PETRA I. TORRES et al., Respondents, v MICHAEL D. MICHELETTI et al., Appellants. [616 NYS2d 1006] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Hart, J.), dated February 24, 1993, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the defendants' contention, the Supreme Court properly denied their motion to dismiss the complaint upon the ground that the plaintiff Petra Torres did not sustain a "serious injury" as defined by Insurance Law § 5102 (d). In support of their motion for summary judgment, the defendants relied primarily upon the unsworn reports of the injured plaintiff's treating orthopedist, and the results of a magnetic resonance imaging test performed shortly after the accident, which revealed two herniated discs at C4-5 and C5-6 of the plaintiff's lumbar spine that had allegedly been caused by the motor vehicle accident.

Although it is well settled that a moving defendant may rely upon the unsworn reports of the plaintiff's own physicians in support of a motion for summary judgment *(see, Hochlerin v Tolins,* 186 AD2d 538; *Pagano v Kingsbury,* 182 AD2d 268), the reports relied upon here fail to demonstrate that the plaintiff had not suffered a serious injury *(see, Jackson v United Parcel Serv.,* 204 AD2d 605; *Orsenigo v Burnstein,*

202 AD2d 561; *see also, Brown v Stark,* 205 AD2d 725). Accordingly, the evidence submitted in support of the motion was insufficient to establish the defendants' entitlement to judgment as a matter of law *(see, Hochlerin v Tolins, supra; Pagano v Kingsbury, supra).* In any event, the plaintiffs sustained their burden of establishing a *prima facie* case of serious injury through the submission, *inter alia,* of two affidavits from a chiropractor who examined the injured plaintiff and performed tests which quantified the limitation of her range of motion as a result of her spinal injury *(see, Cesar v Felix,* 181 AD2d 852; *Bates v Peeples,* 171 AD2d 635). Sullivan, J. P., Santucci, Joy and Krausman, JJ., concur.