■ ADRIENNE BECKER, Appellant, v DEBRA A. COIRO, Also Known as DEBRA SCHOEN, Respondent. [634 NYS2d 770] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Gowan, J.), dated October 15, 1993, which granted the branch of the defendant's motion which was for summary judgment dismissing the plaintiff's cause of action for noneconomic loss, and (2) so much of an order of the same court, dated June 23,

1994, as (a) granted the defendant's motion for summary judgment dismissing the plaintiff's cause of action for economic loss in excess of a basic economic loss and (b) upon granting her cross motion for renewal adhered to the prior determination dismissing her cause of action for noneconomic loss.

Ordered that the appeal from the order dated October 15, 1993, is dismissed, as it was superseded by so much of the order dated June 23, 1994, made upon renewal, as adhered to the prior determination; and it is further,

Ordered that the order dated June 23, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff commenced this action to recover damages alleging that she was injured in an automobile accident with the defendant in 1990 and that she suffered "serious injury" within the meaning of Insurance Law § 5102 (d). As refined by various pleadings, the plaintiff claims that her "serious injury" is that she suffered both a "permanent consequential limitation of use of a body organ or member" and/or a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). After issue was joined, the defendant moved for summary judgment, arguing that the plaintiff had failed to proffer allegations of either economic or noneconomic losses in excess of threshold requirements of the no-fault insurance law. By order dated October 15, 1993, the Supreme Court granted the branch of the defendant's motion which was for summary judgment dismissing the plaintiff's cause of action for noneconomic loss, holding that the affidavits submitted by the plaintiff contained mere "conclusory assertions aimed at satisfying the statutory requirements of § 5102 (d) of the Insurance Law" and were "not predicated upon objective facts asserted therein or otherwise set forth in the record". The court denied the branch of the defendant's motion which was for summary judgment dismissing the cause of action for economic loss in excess of basic economic loss because the defendant failed to proffer sufficient proof that the plaintiff's cause of action was without merit. However, by notice dated April 5, 1994, the defendant again moved for summary judgment on the plaintiff's claim for economic loss in excess of basic economic loss. The plaintiff cross-moved for renewal of the branch of the defendant's motion which was for summary judgment as to noneconomic loss. The basis of the plaintiff's renewal motion was essentially that her left knee, which was allegedly injured in the accident, had deteriorated, requiring surgery. By order dated June 23, 1994, the Supreme Court granted the defendant's motion for sum-

mary judgment dismissing the plaintiff's claim for economic loss in excess of "basic economic loss" as defined by Insurance Law § 5102 (a) and granted the plaintiff's cross motion for renewal of the branch of the defendant's motion concerning noneconomic loss and, upon renewal, adhered to its prior determination. We now affirm.

In support of her motion for renewal, the plaintiff proffered, *inter alia*, the affidavit of her doctor, Enrico Mango, which incorporated by reference a report he prepared dated April 22, 1994. The report summarized the doctor's treatment of the plaintiff spanning four years beginning in May 1990. Although the doctor opined at various times that the plaintiff was temporarily "totally disabled", the only findings made during monthly examinations beginning in November 1993, and continuing through March 1994, were that "the left knee revealed tenderness to palpation of the medial facet of the patella" and that the "knee continued to pop". These examinations followed a two year absence from treatment, and began the month after the October 15, 1993 order, which dismissed the plaintiff's cause of action for noneconomic loss for failure to meet the no-fault threshold. Permanent disability was only spoken of as a "potential" consequence if exploratory surgery was not undertaken. Dr. Mango did not make a finding that the plaintiff suffered a "permanent consequential limitation of use of a body organ or member" or a "significant limitation of use of a body function or system" as a consequence of the knee injury (Insurance Law § 5102 [d]; *see, Gaddy v Eyler*, 79 NY2d 955; *Lopez v Senatore*, 65 NY2d 1017). Indeed, the doctor's opinion that the plaintiff was "partially and *potentially* permanently disabled" (emphasis added) and that her prognosis for recovery was "guarded" was expressly conditioned upon the assumption that certain arthroscopic surgery he recommended would not be performed. If the surgery were performed, the doctor opined: "her prognosis will improve. * * * She should experience an improvement of her condition and a return to her activities". The recommended surgery did in fact occur before the plaintiff submitted her reply affidavit. However, no further affidavit from Dr. Mango, who performed the surgery, was submitted. In sum, we find that the plaintiff again failed to establish a prima facie case of "serious injury" under Insurance Law § 5102 (d).

We have considered the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., O'Brien, Ritter, Friedmann and Goldstein, JJ., concur.