■ MAXIMINA SANTIAGO et al., Respondents-Appellants, v FRITO-LAY, INC., et al., Appellants-Respondents. [653 NYS2d 867] —In a negligence action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered June 14, 1995, as denied their motion for summary judgment, and the plaintiffs appeal from an order of the same court, dated October 18, 1995, which granted the defendant's motion to resettle so much of the order entered June 14, 1995, as did not frame a threshold issue of fact at trial, and directed the trier of fact at trial to find the defendants not liable unless it is determined "that the accident occurred after the plaintiffs' vehicle had already cleared the northbound lanes of the intersection in question and was in a southbound lane when the accident occurred". Justice Goldstein has been substituted for the late Justice Hart *(see,* 22 NYCRR 670.1 [c]).

Ordered that the order entered June 14, 1995, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated October 18, 1995, is reversed, and the motion to resettle is denied; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

This negligence action stems from an accident which occurred on December 23, 1991, when a van owned by the plaintiff Victor Flores and driven by the plaintiff Maximina Santiago collided with a truck owned by the defendant Frito-Lay, Inc., and driven by the defendant Adam Matz at or near the intersection of North Highland Avenue and Havell Street

in the Village of Ossining. After joinder of issue and discovery, the defendants moved for summary judgment.

The Supreme Court properly denied the defendants' motion for summary judgment, since a triable issue of fact exists as to where the point of impact occurred. In opposition to the defendants' motion for summary judgment, the plaintiffs submitted, *inter alia,* the plaintiff driver's deposition testimony wherein she indicated that she had cleared the intersection, completed her turn, straightened out, and was already in the southbound lane of traffic on North Highland Avenue at the time of the accident. Viewing the evidence in the light most favorable to the parties opposing the motion for summary judgment *(see, Forte v Franklin Gen. Hosp.,* 185 AD2d 914), we find that the plaintiffs sufficiently created a triable issue of fact as to where the actual impact occurred, and thus as to the defendant driver's possible contribution to the accident *(see, Zuckerman v City of New York,* 49 NY2d 557; *Chahales v Garber,* 195 AD2d 585).

Although the deposition testimony of the plaintiff driver, which was translated from Spanish to English, was somewhat ambiguous, any discrepancies merely go to the weight of the evidence, a matter properly addressed to the trier of fact which is in the foremost position to assess a witness's credibility.

The Supreme Court, however, erred in granting the defendants' motion to resettle the June 7, 1995, order. Issues of fact concerning the defendant driver's speed and whether the road and weather conditions were a contributing cause of the accident should be determined at trial *(see, Chahales v Garber, supra; Stoehr v Levere,* 183 AD2d 886). Rosenblatt, J. P., Santucci, Joy and Goldstein, JJ., concur.