■ Rocco Vignola, Jr., et al., Respondents, v Philip Varrichio et al., Appellants. [662 NYS2d 831] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), entered September 27, 1996, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff Rocco Vignola, Jr., did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

Initially, we note that "it is well settled that a moving defendant may rely upon the unsworn reports of the plaintiff's own physicians in support of a motion for summary judgment" (*Torres v Micheletti*, 208 AD2d 519, 519-520; *see also, Pagano v Kingsbury*, 182 AD2d 268). The proof submitted by the defendants in support of their motion for summary judgment established that the plaintiff Rocco Vignola, Jr., did not suffer a "serious injury" as that term is defined in Insurance Law § 5102 (d).

The unsworn report of Mr. Vignola's treating chiropractor failed to set forth any objective quantified evidence of the extent or degree of any limitation occasioned by that plaintiff's alleged injuries. The report of Mr. Vignola's orthopedist stated only that it was his "impression" that Mr. Vignola suffered a torn medial meniscus of the left knee. Moreover, there is no proof that a Magnetic Resonance Imaging (MRI) diagnostic test was ever performed to confirm this impression or that Mr.

Vignola underwent arthroscopic surgery to correct the alleged condition (*see generally, Becker v Coiro*, 222 AD2d 543). Furthermore, although the report of the defendants' physician stated that Mr. Vignola "appeared to lack 10 to 15 degrees of terminal elevation" in his left shoulder, the report went on to state that Mr. Vignola had "full abduction" and "full extension". Indeed, the report concluded that Mr. Vignola "ha[d] no objective signs of ongoing disability as a result of [the] accident".

In light of this proof, the burden thus shifted to the plaintiffs to demonstrate the existence of a triable issue of fact (*see, Gaddy v Eyler*, 79 NY2d 955). However, the plaintiffs failed to meet this burden with the submission of an affidavit from Mr. Vignola's chiropractor which merely consisted of conclusory assertions tailored to meet statutory requirements (*see, Almonacid v Meltzer*, 222 AD2d 631; *Friedman v U-Haul Truck Rental*, 216 AD2d 266; *Barrett v Howland*, 202 AD2d 383; *Pagano v Kingsbury*, 182 AD2d 268, *supra*). Accordingly, the defendants were entitled to summary judgment. Bracken, J. P., O'Brien, Santucci and Friedmann, JJ., concur.

Goldstein, J., dissents and votes to affirm the order appealed from, with the following memorandum: In support of their motion for summary judgment, the defendants submitted, *inter alia*, (1) an unsworn report from the injured plaintiff's chiropractor confirming a diagnosis of "cervical radiculitis", "rotator cuff syndrome", and a "left knee problem" warranting orthopedic examination, (2) an affirmation of their own physician, who examined Mr. Vignola nearly three years after the accident, stating that, although Mr. Vignola had "full abduction" and "full extension" with pain, Mr. Vignola "appeared to lack 10 to 15 degrees of terminal elevation" in his left shoulder, and external rotation was "−10 degrees compared to the other side", and (3) an unsworn report from Mr. Vignola's orthopedist, diagnosing his problem as "[l]eft shoulder impingement; left knee, torn medial meniscus" and recommending left knee arthroscopy based, *inter alia*, upon a "positive Jobe's test and adduction test" and a "positive Apley grind".

As this Court noted in *Torres v Micheletti* (208 AD2d 519, 519-520): "Although it is well settled that a moving defendant may rely upon the unsworn reports of the plaintiff's own physicians in support of a motion for summary judgment (*see, Hochlerin v Tolins*, 186 AD2d 538; *Pagano v Kingsbury*, 182 AD2d 268), the reports relied upon here fail to demonstrate that the plaintiff had not suffered a serious injury (*see, Jackson v United Parcel Serv.*, 204 AD2d 605; *Orsenigo v Burnstein*,

202 AD2d 561; *see also, Brown v Stark*, 205 AD2d 725). Accordingly, the evidence submitted in support of the motion was insufficient to establish the defendants' entitlement to judgment as a matter of law (*see, Hochlerin v Tolins, supra; Pagano v Kingsbury, supra)*".

The description of Mr. Vignola's injuries contained in the defendants' motion papers, which included a diagnosis based upon objective tests, a recommendation of arthroscopic surgery based upon that diagnosis, and a quantified limitation of motion in Mr. Vignola's left shoulder, raised questions of fact as to whether those injuries constituted "serious injury" within the meaning of Insurance Law § 5102 (d) (*see, Stark v Amadio*, 239 AD2d 569; *Sabella v McKain*, 239 AD2d 333; *Fogliani v Salvato*, 205 AD2d 581; *DeAngelo v Fidel Corp. Servs.*, 171 AD2d 588).

The orthopedist's description of his observations as both a "diagnosis" and an "impression" does not render the diagnosis any less reliable. The term "diagnostic impression" is a term of art for a physician's opinion: diagnostic impressions are clearly admissible in a court of law (*Matter of Torsney [State Commr. of Mental Hygiene—Gold]*, 47 NY2d 667, 678; *People v Liebman*, 179 AD2d 245, 253). The fact that the diagnosis of Mr. Vignola's orthopedist was not confirmed by a Magnetic Resonance Imaging (MRI) test is not significant, since a physician's observations alone qualify as objective evidence (*see, Tompkins v Burtnick*, 236 AD2d 708).

Further, although the defendants' physician's report included only a partial acknowledgement that Mr. Vignola suffered injury to his left shoulder and contained a conclusory assertion of "no objective signs of ongoing disability", the law is well settled that, on a motion for summary judgment, the evidence must be viewed in the light most favorable to the party opposing the motion (*see, Gant v Sparacino*, 203 AD2d 515; *Merlis v Lupo*, 108 AD2d 902). Accordingly, the acknowledgement by the defendants' doctor that Mr. Vignola did suffer a quantifiable limitation of range of motion was sufficient to raise a triable issue of fact (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

It is well settled that the failure of a proponent of a motion for summary judgment to make a prima facie showing of entitlement to judgment as a matter of law requires denial of the motion, regardless of the sufficiency of the opposing papers (*see, Winegrad v New York Univ. Med. Ctr., supra*, at 853). Since the defendants' own motion papers raise a triable issue of fact, the plaintiffs were not required to come forward with any evidence.

In any event, the plaintiffs, in opposition, noted that the defendants' motion papers established that Mr. Vignola's claims of serious injury had a basis in fact. The plaintiffs also submitted an affidavit from Mr. Vignola's chiropractor confirming the allegations in the defendants' motion papers and referring specifically to the orthopedist's diagnosis.

In their reply affidavit, the defendants contended that, although they initially submitted the unsworn report, of Mr. Vignola's orthopedist, neither the plaintiffs nor Mr. Vignola's chiropractor could rely on the orthopedist's report, because it was unsworn. This argument ignores the principles that the defendants bore the initial burden of establishing their entitlement to judgment as a matter of law, and, if they chose to submit any unsworn reports from Mr. Vignola's treating physicians, those reports had to establish that Mr. Vignola did not suffer a serious injury (*see, Torres v Micheletti*, 208 AD2d 519, *supra*). Moreover, once the defendants brought the orthopedist's report to the court's attention, they could not be heard to complain that the plaintiffs referred to that report in their opposition papers (*see, Pietrocola v Battibulli*, 238 AD2d 864).

Accordingly, I vote to affirm the order appealed from.