■ RONA ZUCKERMAN et al., Respondents, v SHPETIM KARAGJOZI, Appellant. [669 NYS2d 295] —In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated February 20, 1997, as denied his motion pursuant to CPLR 3212 for summary judgment dismissing the complaint based on the failure of either plaintiff to sustain a serious injury as defined by Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion for summary judgment is granted, and the complaint is dismissed.

The medical evidence which the defendant submitted in support of the motion made out a prima facie case that neither plaintiff had sustained a serious injury as defined by Insurance Law § 5102 (d).

The plaintiffs sought to recover damages by claiming that they had suffered, *inter alia,* a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). In order to establish that they suffered such a "significant limitation", the plaintiffs were required to provide objective evidence of the extent or degree of the limitation and its duration (*see, Beckett v Conte,* 176 AD2d 774). Although the plaintiffs' chiropractic expert submitted affidavits specifying the degree to which each plaintiff's movements in the cervical and lumbar spines were restricted, the affidavits were prepared more than three years after the examinations upon which the opinions therein were based (*see, O'Neill v Rogers,* 163 AD2d 466). Thus, there was insufficient proof of the duration of the alleged impairment (*Beckett v Conte, supra*).

In light of the admission by the plaintiff Rona Zuckerman in her verified bill of particulars that she was incapacitated from employment for approximately one week and three days, and the failure on the part of the plaintiff Dina Zuckerman to allege that she missed any time from her college attendance as a result of the accident, the plaintiffs have failed to raise a triable issue of fact as to whether their injuries prevented them from performing "substantially all" of the material acts constituting their customary daily activities during at least 90 out of the first 180 days following the accident (*see,* Insurance Law § 5102 [d]; *Letellier v Walker,* 222 AD2d 658).

Lastly, the plaintiff Rona Zuckerman submitted no medical evidence to support the allegation in her supplemental verified bill of particulars that the aggravation of the osteoarthritis in her left knee and the need for arthroscopic surgery in 1995 were causally related to the subject accident (*see, Verrelli v Tronolone,* 230 AD2d 789). O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.