■ DEBRA CUNNEEN, Plaintiff, v SQUARE PLUS OPERATING CORP., Defendant. (Action No. 1.) WILLIAM CUNNEEN, Respondent, v SQUARE PLUS OPERATING CORP., Appellant. (Action No. 2.) [671 NYS2d 284] —In related actions to recover damages for personal injuries and wrongful death, the defendant in Action No. 2 appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated September 18, 1997, as denied its motion for summary judgment dismissing the complaint in that action.

Ordered that the order is affirmed insofar as appealed from, with costs.

As a result of a fall allegedly caused by the appellant's negligence in failing to maintain adequate lighting in a parking garage, the plaintiff's decedent in Action No. 2 sustained physical injuries and later died. The appellant contends that it did not exercise any control over the garage, and therefore may not be cast in liability. However, viewing the evidence in the light most favorable to the party opposing the motion (*see,*

*Santiago v Frito-Lay, Inc.*, 235 AD2d 528; *Gant v Sparacino*, 203 AD2d 515), we agree with the Supreme Court that issues of fact exist as to whether the appellant maintained and controlled the parking lot and, if so, whether it was negligent in so doing (*see, Farrar v Teicholz*, 173 AD2d 674, 677; *Huth v Allied Maintenance Corp.*, 143 AD2d 634). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.