■ ALICE DALESSANDRO, Respondent, v AMBOY BUS Co., INC., et al., Appellants. [692 NYS2d 142] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Clemente, J.), dated July 17, 1998, as denied their motion for summary judgment dismissing the complaint based upon the plaintiff's failure to sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The affidavits sworn to respectively by Dr. George Nimberg, an orthopedist, and Dr. Dennis Rossi, a radiologist, which the defendants submitted in support of their motion, established a prima facie case (*see,* CPLR 3212 [b]) that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

In opposition to the motion, the plaintiff submitted the affirmation and report of Dr. Irving Friedman, a neurologist, which contained only the conclusory finding that the plaintiff had sustained a medial meniscus tear. Dr. Friedman failed to identify the objective test which provided the basis for his finding (*see, Vignola v Varrichio,* 243 AD2d 464; *Beckett v Conte,* 176 AD2d 774). Moreover, Dr. Friedman's conclusion was

refuted by the finding of the defendants' expert, Dr. Rossi, who read the Magnetic Resonance Imaging films taken of the plaintiff's left knee and found no evidence of a tear of the medial meniscus.

Furthermore, while Dr. Friedman found a restriction of range of motion in the plaintiff's lumbar spine, the plaintiff never claimed to have sustained an injury to that part of her body. Therefore, the plaintiff failed to raise a triable issue of fact and the motion for summary judgment is granted (*see,* CPLR 3212 [b]). S. Miller, J. P., Sullivan, Friedmann, Luciano and Feuerstein, JJ., concur.