■ VONCILLE WALKER, Respondent, v BETTS CAB CORP. et al., Appellants. [710 NYS2d 28] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered February 19, 1999, which denied defendants' motion for summary judgment in this "serious injury" case, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

Defendants' motion for summary judgment should have been granted since they demonstrated, as a matter of law, that plaintiff did not suffer a "serious injury" pursuant to Insurance Law § 5102 (d), and plaintiff failed to present sufficient competent medical evidence to establish such injury or to raise any triable issue of fact (see, Eisen v Walter & Samuels, 215 AD2d 149). Defendants properly relied on the substantial deficiencies in plaintiff's proof as the principal support for their motion (see, Torres v Micheletti, 208 AD2d 519). Plaintiff's medical evidence in various instances refuted her claims, was unsworn, and was conclusory or speculative in assessing causation for the alleged injuries. Moreover, plaintiff's claims with regard to curtailment of her career and lifestyle were unsupported by documentary evidence and were refuted by the uncontroverted record. Far from demonstrating serious injury, the record shows that she required only brief emergency room treatment immediately after the accident, that she returned to work full time one week after the accident, that it was not until one year after the accident, and four months after she quit her job, that she first sought additional evaluation and treatment, and that subsequent to that cycle of treatments, which her doctor at the time deemed successful, she did not seek treatment for an additional nine years. Concur—Rosenberger, J. P., Williams, Andrias, Buckley and Friedman, JJ.