■ SHARI ITKIN, Respondent, v JAMES DEVLIN, Appellant. [729 NYS2d 537] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Winick, J.), dated February 26, 2001, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant submitted the unsworn reports of the plaintiff's treating and examining physicians to establish that the plaintiff did not sustain a significant limitation of use of her right shoulder or right knee after the subject motor vehicle accident of September 28, 1997, and before her subsequent motor vehicle accident of December 9, 1997. The defendant was entitled to submit the unsworn reports of the plaintiff's physicians (*see, Pagano v Kingsbury,* 182 AD2d 268). The proof submitted by the defendant in support of his motion for summary judgment established, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

In opposition to the motion for summary judgment, the plaintiff submitted, *inter alia,* numerous medical reports regarding her right shoulder and right knee that were not in admissible form (*see, Grasso v Angerami,* 79 NY2d 813, 814; *Gleason v Huber,* 188 AD2d 581). The plaintiff also submitted the affirmations of two physicians which stated that the plaintiff suffers from a pre-existing multidirectional congenital instability of the shoulder made symptomatic by the September 1997 accident and exacerbated by her December 1997 accident. However, both physicians concluded that the plaintiff is not disabled (*see, Vignola v Varrichio,* 243 AD2d 464; *Becker v*

*Coiro,* 222 AD2d 543). The conclusions reached in the physicians' affirmations submitted by the plaintiff were unsupported by acceptable objective proof (*see, Monaco v Davenport,* 277 AD2d 209; *Grossman v Wright,* 268 AD2d 79, 85; *Smith v Askew,* 264 AD2d 834; *Kauderer v Penta,* 261 AD2d 365; *Williams v Hughes,* 256 AD2d 461). Moreover, the plaintiff submitted the affidavit of her treating orthopedist, which stated that, based on a recent treatment, her right shoulder is "doing fairly well." Thus, there was insufficient proof that the plaintiff suffered a permanent consequential limitation or significant limitation of her right shoulder or knee as a result of the subject accident.

The plaintiff admitted that she returned to her college classes about one week after the accident, and otherwise failed to raise a triable issue of fact that she had sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing all of the material acts which constituted her usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (*see, Licari v Elliott,* 57 NY2d 230; *Greene v Miranda,* 272 AD2d 441; *Carpluk v Friedman,* 269 AD2d 349; *Zuckerman v Karagjozi,* 247 AD2d 536). Ritter, J. P., Altman, McGinity, Smith and Cozier, JJ., concur.