■ SHARI ITKIN, Respondent, v JAMES DEVLIN, Appellant. [758 NYS2d 674] —In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Winick, J.), dated April 4, 2002, as denied those branches of his motion which were to vacate a settlement agreement and to compel the plaintiff and her attorney to refund the money received from his insurance carrier.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action seeking damages for injuries that she allegedly sustained in a two-vehicle collision with the defendant. The defendant moved to dismiss the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). That motion was denied and the defendant appealed. By decision and order dated August 27, 2001, this Court reversed the order denying the defendant's motion for summary judgment, granted the motion, and dismissed the complaint (see Itkin v Devlin, 286 AD2d 477 [2001]). A copy of the decision and order with notice of entry was served upon the plaintiff's attorney by mail on August 31, 2001.

On November 5, 2001, a claims examiner from the defendant's insurance carrier, who was unaware that the complaint had been dismissed, entered into a settlement with the plaintiff for $6,000. On November 13, 2001, a check was issued in the amount of $6,000, payable to the plaintiff and her attorney. The defendant subsequently filed a motion, inter alia, to vacate the settlement and to compel the plaintiff and her attorney to return the money received from the insurance carrier, arguing, among other things, that there was no consideration for the settlement. The Supreme Court denied the motion, concluding, inter alia, that the plaintiff's decision to forgo the right to appeal to the Court of Appeals was consideration to the settle the case. We affirm, although for a different reason.

Although the Supreme Court erred in concluding, inter alia, that the plaintiff could appeal this Court's dismissal of the complaint to the Court of Appeals as of right (*see* CPLR 5601, 5602), we nonetheless affirm the denial of the motion. By the time the parties entered into the settlement agreement, and at the time that the motion was filed, the underlying action had already been dismissed by the August 27, 2001, decision and order of this Court. Under those circumstances, the proper procedure was to commence a separate plenary action. The Supreme Court did not have jurisdiction to consider the motion since there was no pending action and the defendant did not allege any of the grounds set forth in CPLR 5015. In addition, this is not a case in which it would be appropriate to invoke the inherent power of a court over its judgments. The settlement was not a part of the judgment as it is this Court's dismissal that controlled the status of the case in the Supreme Court. Furthermore, the real party in interest seeking affirmative relief in the Supreme Court on the ground of unjust enrichment is the insurance company. It is not without a remedy, as it can institute a plenary action for the relief sought. Accordingly, the Supreme Court properly denied the defendant's motion, inter alia, to vacate the settlement and to compel the plaintiff's attorney to return the money from the insurance carrier. Altman, J.P., Smith, McGinity and Cozier, JJ., concur.