■ MILAGROS RODRIGUEZ, Appellant, v ELLIOT GOLDSTEIN et al., Respondents.—Order, Supreme Court, Bronx County (Barry Salman, J.), entered March 27, 1991, which, to the extent appealed from, granted defendants' motion to dismiss the complaint, unanimously reversed, on the law, without costs or disbursements, the motion denied, and the complaint reinstated.

In this negligence action arising out of a two-car collision, plaintiff, a passenger in one of the vehicles, seeks to recover damages for personal injuries allegedly sustained therein.

Following joinder of issue, defendants moved to dismiss the complaint for failure to set forth a *prima facie* case of "serious injury" as defined by Insurance Law § 5102 (d). In support of the motion, defendants relied on the pleadings and medical records of various physicians, who basically asserted that, based on their examinations, plaintiff suffered no orthopedic disability or dysfunction, as claimed, and that her complaints were all subjective without any objective findings. These medical reports were unsworn. Plaintiff characterized the injuries as "post-concussion syndrome including but not limited to headaches, pain, insomnia, dizziness, vertigo and nausea", along with lumbar region and cervical spine sprain. The IAS court granted defendants' motion and denied plaintiff's cross-motion for partial summary judgment on the threshold issue of serious injury. We reverse.

Although, on the basis of the documentation before us, were defendants' proofs in competent form, we could not quarrel with the determination reached by the IAS court, it is clear

that defendants failed to make a sufficient evidentiary showing to entitle them to summary judgment, since their evidence, in the main, consisted of various unsworn medical reports by their physicians. *(See, Zoldas v Louise Cab Corp., 108 AD2d 378, 383.)* The unsworn statement of a physician contained in a medical report does not, as we have previously held, constitute evidentiary proof in admissible form. *(Supra.)* The initial burden is on defendants to present evidence, in competent form, showing that plaintiff has no cause of action; unless that burden is met, plaintiff need not come forward with proof that she sustained a serious injury within the contemplation of Insurance Law § 5102 (d). *(Supra,* at 382; *see also, DeAngelo v Fidel Corp. Servs.,* 171 AD2d 588.) Concur—Sullivan, J. P., Carro, Ross, Asch and Smith, JJ.