■ CHRIS ATAMIAN, Plaintiff, and DIANNA ATAMIAN, Appellant, v SIDNEY W. MINTZ et al., Respondents, et al., Defendant. [628 NYS2d 367] —In an action to recover damages for personal injuries, the plaintiff Dianna Atamian appeals from an order of the Supreme Court, Nassau County (Kohn, J.), dated June 7, 1994, which granted the separate motions of the defendants Sidney Mintz, John Simonetti, and Francesco Meringolo for summary judgment dismissing that plaintiff's complaint insofar as it is asserted against them.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The respondents submitted proof in admissible form which established that the appellant had not suffered a "serious injury" within the meaning of Insurance Law § 5102 (d). The burden thus shifted to the appellant to demonstrate the existence of a triable issue of fact (see, Gaddy v Eyler, 79 NY2d 955).

The appellant failed to meet this burden. The medical evidence submitted by the appellant in opposition to the respondents' motions did not establish that the appellant had sustained a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). Moreover, the appellant's self-serving and contradictory comments concerning her inability to perform household chores for four months after the accident, without more, are insufficient to defeat a motion for summary judgment (see, Beckett v Conte, 176 AD2d 774, 775; Phillips v Costa, 160 AD2d 855; McKnight v LaValle, 147 AD2d 902, 903). Mangano, P. J., O'Brien, Ritter, Pizzuto and Florio, JJ., concur.

■ ANN BACHER, Appellant, v DEEPDALE GENERAL HOSPITAL, INC., Defendant, and BARRY FISHER, Respondent. [628 NYS2d 536] —Appeal by the plaintiff from an order of the Supreme Court, Queens County (Milano, J.), dated April 27, 1994.

Ordered that the order is affirmed, with costs to the respondent, for reasons stated by Justice Milano at the Supreme Court. Balletta, J. P., Thompson, Altman and Hart, JJ., concur.