■ JEANNETTE MOBLEY, Respondent, v FRANCES RIPORTELLA et al., Appellants. [660 NYS2d 57] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Kitzes, J.), dated October 7, 1996, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not suffer serious injury as defined by Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the defendants' motion for summary judgment is granted, and the complaint is dismissed.

The defendants established a prima facie case that the plaintiff did not sustain serious injury as defined by Insurance Law § 5102 (d), thereby shifting the burden to the plaintiff to raise a triable question of fact on the issue *(see, Gaddy v Eyler,* 79 NY2d 955, 956-957). The plaintiff failed to sustain her burden.

The unsworn report of Dr. Leonard G. Schuchman, who examined the plaintiff about three weeks after the underlying accident, should not have been considered on the instant motion because it was not submitted in admissible form *(see, Grasso v Angerami,* 79 NY2d 813, 814). In addition, Dr. Schuchman's affidavit failed to rebut the defendants' prima facie showing. Although he concluded that the plaintiff suffers from a 10 degree permanent restriction of motion in her left shoulder, Dr. Schuchman failed to indicate what, if any, objective medical tests he performed to reach this conclusion. "Conclusions, even of an examining doctor, which are unsupported by acceptable objective proof, are insufficient to defeat a motion for summary judgment directed to the threshold issue of whether the plaintiff has suffered serious physical injury" *(Antoniou v Duff,* 204 AD2d 670; *see, Lincoln v Johnson,* 225 AD2d 593, 593-594; *Giannakis v Paschilidou,* 212 AD2d 502, 503). Ritter, J. P., Sullivan, Altman and McGinity, JJ., concur.