■ CASTAGNE DECAYETTE, Appellant, v KREGER TRUCK RENTING, INC., et al., Respondents. [687 NYS2d 680] —In an action to

recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Rappaport, J.), dated February 26, 1998, which granted the defendants' motion for summary judgment on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court properly granted the defendants' motion for summary judgment. The defendants established a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (see, Gaddy v Eyler, 79 NY2d 955). The plaintiff's opposition papers were insufficient to raise a triable question of fact on the issue.

The court properly refused to consider the plaintiff's medical records and the medical reports of his treating physicians, which were not submitted in admissible form (see, Grasso v Angerami, 79 NY2d 813, 814; Mobley v Riportella, 241 AD2d 443).

The affidavit of Dr. Ernesto Resurreccion, who examined the plaintiff on September 22, 1997, was insufficient to defeat the defendants' prima facie showing. Dr. Resurreccion improperly relied, in large part, upon the plaintiff's inadmissible medical reports (see, Friedman v U-Haul Truck Rental, 216 AD2d 266, 267), he failed to specify what objective medical tests he performed on the plaintiff (see, Lincoln v Johnson, 225 AD2d 593; Giannakis v Paschilidou, 212 AD2d 502; Antoniou v Duff, 204 AD2d 670), and he failed to provide any information concerning the nature of the plaintiff's medical treatment (see, Rum v Pam Transp., 250 AD2d 751). Neither Dr. Resurreccion nor the plaintiff explained the five-year gap between the plaintiff's initial treatments for his alleged injuries and his first examination by Dr. Resurreccion (see, Stowe v Simmons, 253 AD2d 422; Rum v Pam Transp., supra; Williams v Ciaramella, 250 AD2d 763). Moreover, Dr. Resurreccion's conclusory statements, which simply mirrored the statutory language, were insufficient to defeat the defendants' prima facie showing (see, Lopez v Senatore, 65 NY2d 1017, 1019; Antorino v Mordes, 202 AD2d 528). S. Miller, J. P., Sullivan, Friedmann and Luciano, JJ., concur.