■ Robert Carpluk et al., Respondents, v Edward Friedman et al., Appellants. [704 NYS2d 94] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Milano, J.), dated February 5, 1999, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The evidence submitted by the defendants established, prima facie, that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler,* 79 NY2d 955; *Lebron v Camacho,* 251 AD2d 295; *Davis v New York City Tr. Auth.,* 248 AD2d 428). The medical reports submitted in opposition to the motion did not constitute competent evidence (*see,* CPLR 2106; *Grasso v Angerami,* 79 NY2d 813, 814; *Mobley v Riportella,* 241 AD2d 443; *Attivisimo v Kugler,* 226 AD2d 658; *Feintuch v Grella,* 209 AD2d 377) and the affirmation of the plaintiffs' attorney, which was based on incompetent evidence and was made without personal knowledge of the plaintiffs' injuries, was without evidentiary value (*see, Sloan v Schoen,* 251 AD2d 319).

Moreover, the plaintiff Robert Carpluk failed to demonstrate that he was prevented from performing substantially all of the material acts which constituted his usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (*see, Licari v Elliott,* 57 NY2d 230; *Atamian v Mintz,* 216 AD2d 430; *Zelenak v Clark,* 170 AD2d 677; *Phillips v Costa,* 160 AD2d 855; *Ciaccio v J & R Home Improvements,* 149 AD2d 558). Bracken, J. P., Santucci, Altman, Friedmann and H. Miller, JJ., concur.