■ RAYMOND HAREWOOD, Appellant, v RONICA AIKEN, Respondent. (Action No. 1.) SHAUN COLEMAN, Plaintiff, v VIA TAXI, INC., et al., Defendants. (Action No. 2.) [710 NYS2d 82] —In two related actions to recover damages for personal injuries, the plaintiff in Action No. 1 appeals from (1) an order of the Supreme Court, Suffolk County (Underwood, J.), dated May 6, 1999, which granted the motion of the defendant in Action No. 1 for summary judgment dismissing that complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) so much of an order of the same court, dated July 29, 1999, as, upon granting the plaintiff's motion, in effect, for reargument, adhered to the original determination.

Ordered that the appeal from the order dated May 6, 1999, is dismissed, as that order was superseded by the order dated July 29, 1999, made upon reargument; and it is further,

Ordered that the order dated July 29, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The Supreme Court properly granted the respondent's motion for summary judgment. Contrary to the appellant's contentions, the respondent's evidence in support of her motion for summary judgment was sufficient to establish a prima facie case that the appellant did not sustain a serious injury within

the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler,* 79 NY2d 955, 956-957). Additionally, the appellant's evidence in opposition to the motion was insufficient to raise a triable issue of fact as to whether he sustained a serious injury. Although the affidavit of the appellant's treating chiropractor indicated that the appellant had specifically quantified restrictions of motion in his cervical and lumbar spines, there is no indication in the record that such measurements were based upon objective medical tests (*see, Grossman v Wright,* 268 AD2d 79; *Merisca v Alford,* 243 AD2d 613; *Lincoln v Johnson,* 225 AD2d 593; *Giannakis v Paschilidou,* 212 AD2d 502).

The appellant's claim that the Supreme Court improperly treated his motion, denominated as a motion for reargument and renewal, solely as a motion for reargument is without merit, as he failed to offer a valid excuse as to why the allegedly new facts were not previously submitted in opposition to the respondent's original motion (*see, Halliday v Halliday,* 218 AD2d 729, 730; *Matter of Groht v Sobol,* 198 AD2d 679, 681).

The appellant's remaining contentions are without merit. Santucci, J. P., Altman, Friedmann and Goldstein, JJ., concur.