■ JOEL GOLDIN et al., Respondents, v WING F. LEE et al., Defendants, and MICHAEL TERRY, Appellant. [712 NYS2d 154] —In an action to recover damages for personal injuries, etc., the defendant Michael Terry appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated October 12, 1999, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The appellant established a prima facie case that the

plaintiffs' injuries were not serious within the meaning of Insurance Law § 5102 (d) through the affirmed reports of orthopedic surgeons Leo Sultan and Jacob Toledano, who examined Joel Goldin and Holly Goldin respectively, and found that neither plaintiff exhibited an ongoing disability or a functional impairment (*see, Gaddy v Eyler,* 79 NY2d 955).

The affirmed report prepared by Dr. Ali E. Guy which was submitted by Joel Goldin in opposition to the motion failed to raise a triable issue of fact (*see,* CPLR 3212 [b]) as to whether he sustained a serious injury. Dr. Guy failed to indicate what treatment, if any, Joel Goldin received for his alleged injuries in the more than six years between the treatment given in the three weeks following the accident and Dr. Guy's examination on June 16, 1999 (*see, Smith v Askew,* 264 AD2d 834). While Dr. Guy indicated in his affirmed report that Joel Goldin exhibited restricted range of motion in his cervical spine, he failed to set forth what objective tests he performed in arriving at these conclusions (*see, Grossman v Wright,* 268 AD2d 79; *Smith v Askew, supra*; *Kauderer v Penta,* 261 AD2d 365).

Dr. Guy's diagnosis of disc herniations appears to have been based upon his review of the unsworn Magnetic Resonance Imaging reports prepared by another doctor, upon which the plaintiff cannot rely (*see, Williams v Hughes,* 256 AD2d 461).

The only admissible medical evidence submitted by Holly Goldin in opposition to the motion, an affirmed report dated July 8, 1999, which was prepared by Dr. Jay Meyerowitz, failed to indicate that she suffered from a restricted range of motion in her cervical spine and, in any event, did not set forth what objective tests were used in measuring her range of motion (*see, Grossman v Wright, supra*; *Smith v Askew, supra*). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.