■ GINO MONACO et al., Respondents, v SUSAN M. DAVENPORT, Appellant. [715 NYS2d 731] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered March 2, 2000, as denied her motion for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The injured plaintiff and his wife brought the instant action to recover damages, inter alia, for personal injuries which the injured plaintiff allegedly sustained in a two-vehicle collision involving the defendant. Following the completion of discovery, the defendant moved for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The Supreme Court denied the motion. We reverse.

The defendant established, prima facie, that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), thereby shifting the burden to the plaintiffs to submit sufficient evidence to raise a triable question of fact on that issue (see, Gaddy v Eyler, 79 NY2d 955). Contrary to the Supreme Court's determination, the plaintiffs failed to do so. The affirmation of the plaintiffs' expert physician was insufficient to defeat the defendant's prima facie showing because it failed to set forth that any objective medical tests were performed to determine that the injured plaintiff suffered specifically quantified restrictions of motion in his back and neck (see, Perovich v Liotta, 273 AD2d 367; Harewood v Aiken, 273 AD2d 199; Decayette v Kreger Truck Renting, 260 AD2d 342; Merisca v Alford, 243 AD2d 613). Moreover, the plaintiffs' physician improperly relied upon unsworn medical reports of other physicians in arriving at his conclusions (see, Napoli v Cunningham, 273 AD2d 366; Goldin v Lee, 275 AD2d 341; Diaz v Wiggins, 271 AD2d 639). Therefore, the defendant's motion should have been granted. Sullivan, J. P., S. Miller, Altman and Friedmann, JJ., concur.