■ OLIVER HARNEY et al., Respondents-Appellants, v TOMBSTONE PIZZA CORP. et al., Appellants-Respondents. [719 NYS2d 704] —In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated October 13, 1999, as denied their cross motion for summary judgment dismissing the complaint on the ground that the plaintiff Oliver Harney did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied their motion for partial summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the cross motion and substituting therefore a provision granting the cross motion; as so modified the order is affirmed, with costs to the defendants, and the complaint is dismissed.

The defendants made a prima facie showing that the injured plaintiff, Oliver Harney, did not sustain a serious injury within the meaning of the Insurance Law § 5102 (d), thereby shifting the burden to the plaintiffs to produce objective proof of a serious injury (*see, Grossman v Wright,* 268 AD2d 79; *Fernandez v Shields,* 223 AD2d 666). The affirmation of the plaintiffs' medical expert was insufficient to defeat the motion for summary judgment. The expert improperly relied on an unsworn magnetic resonance image report prepared by another physician (*see, Williams v Hughes,* 256 AD2d 461; *Merisca v Alford,* 243 AD2d 613, 614; *Friedman v U-Haul Truck Rental,* 216 AD2d 266, 267) and failed to indicate what objective tests were used to quantify the results contained therein (*see, Grossman v Wright, supra; Russell v City of Mount Vernon,* 256 AD2d 454, 455; *Merisca v Alford, supra; Lincoln v Johnson,* 225 AD2d 593; *Philpotts v Petrovic,* 160 AD2d 856, 857). Furthermore, the expert stated conclusions that were unsupported by objective proof and were tailored to meet statutory requirements (*see, Waldman v Dong Kook Chang,* 175 AD2d 204; *Lopez v Senatore,* 65 NY2d 1017, 1019; *Antorino v Mordes,* 202 AD2d 528, 529). The injured plaintiff's self-serving assertions that he was unable to perform his customary daily activities for 90 out of the 180 days immediately following the accident were insuf-

ficient to raise any triable issues of fact (*see, Rum v Pam Transp.*, 250 AD2d 751; *Davis v New York City Tr. Auth.*, 248 AD2d 428; *Yagliyan v Gun Shik Yang*, 241 AD2d 518; *Phillips v Costa*, 160 AD2d 855, 856), as were his subjective complaints of pain (*see, Castano v Synergy Gas Corp.*, 250 AD2d 640; *Lincoln v Johnson, supra*, at 593; *Philpotts v Petrovic, supra*, at 857; *Phillips v Costa, supra*). O'Brien, J. P., Santucci, Florio and Schmidt, JJ., concur.