■ Jose Paulino, Appellant, v Xiaoyu Dai et al., Respondents. [720 NYS2d 361] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Mason, J.), dated March 6, 2000, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

In support of their motion for summary judgment the defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (see, Gaddy v Eyler, 79 NY2d 955). In opposition, the plaintiff failed to raise an issue of fact as to whether he sustained such a serious injury. The plaintiff failed to submit competent medical evidence in admissible form indicating what treatment, if any, he received for his alleged injuries in the three years between the accident and the examination conducted by his chiropractor in November 1999. In addition, the affidavit of the plaintiff's chiropractor was insufficient to raise an issue of fact as to whether the plaintiff sustained serious injury as it did not provide any information concerning the nature of the plaintiff's medical treatment between the time of the accident and the chiropractor's examination of the plaintiff (see, Goldin v Lee, 275 AD2d 341; Smith v Askew, 264 AD2d 834; Dimenshteyn v Caruso, 262 AD2d 348; Miller v Donohue,

250 AD2d 825; *Williams v Ciaramella,* 250 AD2d 763; *Rum v Pam Transp.,* 250 AD2d 751; *Medina v Zalmen Reis & Assocs.,* 239 AD2d 394).

Furthermore, the plaintiff's self-serving statement that he was unable to return to his job as a result of the subject accident, without more, was insufficient to show that he sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (*see, Krakofsky v Fox-Rizzi,* 273 AD2d 277; *Lalli v Tamasi,* 266 AD2d 266; *DiNunzio v County of Suffolk,* 256 AD2d 498; *Estrella v Marano,* 255 AD2d 358; *Snyder v Perez,* 246 AD2d 526; *Ryan v Xuda,* 243 AD2d 457; *Yagliyan v Gun Shik Yang,* 241 AD2d 518). O'Brien, J. P., Krausman, Goldstein and Schmidt, JJ., concur.