■ TELENA TRENT, Respondent, v C.B. NIEWIEROWSKI, et al., Respondents, and CARL R. SCHETTINI et al., Appellants. [722 NYS2d 68] —In an action to recover damages for personal injuries, the defendants Carl R. Schettini and Alison Schettini appeal, and the defendant Nicola Duhaney, a/k/a Nicola Bandel separately appeals, as limited by their respective briefs, from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated April 4, 2000, as denied their separate motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the plaintiff-respondent to the appellants appearing separately and filing separate briefs, the motions are granted, the complaint and all cross claims insofar as asserted against the appellants are dismissed, and the action against the remaining defendants is severed.

The appellants established, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject automobile accident (*see, Gaddy v Eyler,* 79 NY2d 955). In opposition, the plaintiff failed to submit sufficient evidence to raise a triable issue of fact on that issue. The affirmation of the plaintiff's physician was insufficient to defeat the appellants' prima facie showing, as it failed to set forth the objective medical tests the physician performed to determine that the plaintiff suffered specifically-quantified restrictions of motion in her back and neck (*see, Monaco v Davenport,* 277 AD2d 209; *Perovich v Liotta,* 273 AD2d 367; *Harewood v Aiken,* 273 AD2d 199; *Decayette v Kreger*

*Truck Renting,* 260 AD2d 342). The plaintiff's physician improperly relied upon unsworn medical reports and test results of other physicians in reaching his conclusions (*see, Napoli v Cunningham,* 273 AD2d 366; *Goldin v Lee,* 275 AD2d 341; *Diaz v Wiggins,* 271 AD2d 639; *Williams v Hughes,* 256 AD2d 461).

Moreover, the plaintiff failed to demonstrate that she was prevented from performing substantially all of the material acts which constituted her usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (*see, Licari v Elliott,* 57 NY2d 230; *Greene v Miranda,* 272 AD2d 441; *Carpluk v Freidman,* 269 AD2d 349; *Buonaiuto v Shulberg,* 254 AD2d 384).

Therefore, the appellants' motions should have been granted. Bracken, P. J., S. Miller, McGinity and Schmidt, JJ., concur.