■ William Rosenbaum, Appellant, v City of New York, Defendant, and Carlos Suarez, Respondent. [723 NYS2d 92] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bruno, J.), dated June 12, 2000, which granted the motion of the defendant Carlos Suarez for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The respondent established a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler,* 79 NY2d 955).

The medical affirmation prepared by the plaintiff's treating physician in opposition to the motion failed to raise a triable issue of fact as to whether the plaintiff sustained a serious injury. The plaintiff's physician failed to explain the nature of the plaintiff's medical treatment, and did not explain the almost nine-year gap between the plaintiff's initial treatment and his subsequent visit (*see, Goldin v Lee,* 275 AD2d 341; *Reynolds v Cleary,* 274 AD2d 509; *Linares v Mompoint,* 273 AD2d 446; *Guevara v Conrad,* 273 AD2d 198; *Smith v Askew,* 264 AD2d 834). Furthermore, the treating physician failed to set forth the objective medical tests performed to determine that the plaintiff suffered specifically quantified restrictions of motion in his back and neck (*see, Monaco v Davenport,* 277 AD2d 209; *Grossman v Wright,* 268 AD2d 79; *Perovich v Liotta,* 273 AD2d 367; *Harewood v Aiken,* 273 AD2d 199; *Decayette v Kreger Truck Renting,* 260 AD2d 342).

The plaintiff's self-serving and contradictory statements concerning his inability to perform his daily activities after the accident, without more, were insufficient to demonstrate that he sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (*see, Licari v Elliott,* 57 NY2d 230; *Greene v Miranda,* 272 AD2d 441; *Carpluk v Friedman,* 269 AD2d 349; *Cullum v Washington,* 227 AD2d 370; *Atamian v Mintz,* 216 AD2d 430). O'Brien, J. P., Friedmann, Goldstein and Smith, JJ., concur.