■ LUIS DELPILAR, Appellant, v WILLIAM BROWNE et al., Respondents. [723 NYS2d 241] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated April 12, 2000, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants established a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler,* 79 NY2d 955). In opposition, the plaintiff submitted, *inter alia,* the affirmed medical report of his examining physician dated December 28, 1999, which stated that he suffered from chronic cervical and lumbosacral musculo-ligamentous strain and sprain, and left

carpal tunnel syndrome. The report, which was based on an examination of the plaintiff conducted over 2½ years after the accident, did not provide any information concerning the nature of the plaintiff's medical treatment or any explanation for the gap between the date of the accident and the date of the examination (*see, Welcome v Diab,* 273 AD2d 377; *Perez v Velez,* 253 AD2d 865; *Stowe v Simmons,* 253 AD2d 422; *Medina v Zalmen Reis & Assocs.,* 239 AD2d 394). The medical report failed to set forth the objective medical tests performed by the physician to determine that the plaintiff suffered specifically-quantified restrictions of motion in his neck and back (*see, Monaco v Davenport,* 277 AD2d 209; *Perovich v Liotta,* 273 AD2d 367; *Harewood v Aiken,* 273 AD2d 199; *Decayette v Kreger Truck Renting,* 260 AD2d 342). Moreover, the plaintiff's physician improperly relied upon unsworn test results in reaching his conclusion that the plaintiff is suffering from left carpal tunnel syndrome (*see, Goldin v Lee,* 275 AD2d 341; *Napoli v Cunningham,* 273 AD2d 366; *Diaz v Wiggins,* 271 AD2d 639; *Williams v Hughes,* 256 AD2d 461).

Furthermore, the plaintiff failed to demonstrate that he had sustained a medically-determined injury or impairment of a non-permanent nature which prevented him from performing all of the material acts which constituted his usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (*see, Licari v Elliott,* 57 NY2d 230; *Greene v Miranda,* 272 AD2d 441; *Carpluk v Freidman,* 269 AD2d 349; *Cullum v Washington,* 227 AD2d 370; *Atamian v Mintz,* 216 AD2d 430).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment. O'Brien, J. P., Krausman, Goldstein, Schmidt and Crane, JJ., concur.