■ LENORE SCHWAB et al., Respondents, v ELIZABETH MINTZER et al., Appellants. [731 NYS2d 634] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Molia, J.), dated November 3, 2000, which denied their motion for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendants made a prima facie showing that the injured

plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler,* 79 NY2d 955). The plaintiffs' evidence submitted in opposition to the motion was insufficient to raise a triable issue of fact. The treating chiropractor's affidavit failed to indicate what objective medical tests he performed to measure the alleged restrictions of motions suffered by the injured plaintiff (*see, Harney v Tombstone Pizza Corp.,* 279 AD2d 609; *Monaco v Davenport,* 277 AD2d 209; *Grossman v Wright,* 268 AD2d 79), and improperly relied upon the unsworn medical reports of physicians in arriving at his conclusions (*see, Goldin v Lee,* 275 AD2d 341; *Napoli v Cunningham,* 273 AD2d 366; *Diaz v Wiggins,* 271 AD2d 639). Furthermore, the treating chiropractor did not provide any information concerning the nature of the medical treatment that he rendered to the injured plaintiff during the four-year period between the accident and the last examination that he conducted (*see, Paulino v Xiaoyu Dai,* 279 AD2d 619; *Guevara v Conrad,* 273 AD2d 198).

The plaintiffs also failed to demonstrate that the injured plaintiff sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident (*see, Licari v Elliott,* 57 NY2d 230; *Greene v Miranda,* 272 AD2d 441; *Carpluk v Friedman,* 269 AD2d 349; *Davis v New York City Tr. Auth.,* 248 AD2d 428). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.