■ FRANKLIN DELGADO et al., Plaintiffs, and SONIA DELGADO, Respondent, v KHOSROW HAKIM et al., Appellants. [732 NYS2d 233] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County

(Posner, J.), dated September 28, 2000, as denied their motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Sonia Delgado on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted by the respondent.

The appellants established a prima facie case that the respondent did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (see, Gaddy v Eyler, 79 NY2d 955). The evidence submitted by the respondent in opposition to the motion was insufficient to raise a triable issue of fact. The affidavit of the respondent's examining chiropractor, which was based on an examination conducted four years after the accident, failed to indicate what objective tests were used to quantify the alleged restrictions of motion in her cervical and lumbar spines (see, Harney v Tombstone Pizza Corp., 279 AD2d 609; Monaco v Davenport, 277 AD2d 209; Perovich v Liotta, 273 AD2d 367; Harewood v Aiken, 273 AD2d 199). Furthermore, the chiropractor improperly relied on the unsworn medical reports of other doctors in arriving at his conclusions (see, Monaco v Davenport, supra; Goldin v Lee, 275 AD2d 341; Napoli v Cunningham, 273 AD2d 366; Diaz v Wiggins, 271 AD2d 639). The respondent's self-serving assertions concerning, inter alia, her inability to perform cleaning chores, without more, were insufficient to show that she sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident (see, Herman v Church, 276 AD2d 471; Turchuk v Town of Wallkill, 255 AD2d 576). Bracken, P. J., Krausman, Luciano, Smith and Adams, JJ., concur.