■ YUVONKA MCKINNEY, Respondent, v DALE LANE et al., Appellants. [733 NYS2d 456] —In an action to recover damages for personal injuries, the defendants Dale Lane and Douglas Lane appeal, and the defendant Rafael Vias III separately appeals, from an order of the Supreme Court, Queens County (Price, J.), entered January 17, 2001, which denied their respective motions for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motions are granted, and the complaint is dismissed.

The defendants met their initial burden of establishing, as a matter of law, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) by submitting, *inter alia,* the affirmed medical reports of an orthopedist and neurologist, based upon recent examinations of the plaintiff (*see, Gaddy v Eyler,* 79 NY2d 955; *Licari v Elliott,* 57 NY2d 230).

The affirmed medical reports of the plaintiff's physicians, submitted in opposition to the defendants' motions, were based on examinations of the plaintiff conducted about three years before the motions for summary judgment. Projections of permanent limitations contained in these reports have no probative value in the absence of a recent examination (*see, Tobiolo v Friedman,* 283 AD2d 483; *Bidetto v Williams,* 276 AD2d 516; *Mohamed v Dhanasar,* 273 AD2d 451; *Kauderer v Penta,* 261 AD2d 365; *Evans v Mohammad,* 243 AD2d 604). Moreover, those reports failed to provide objective evidence of the extent or degree of physical limitations resulting from the alleged disc injuries and their duration (*see, Tobiolo v Friedman, supra; Descovich v Blieka,* 279 AD2d 499; *Monaco v Davenport,* 277 AD2d 209; *Grossman v Wright,* 268 AD2d 79; *Guzman v Michael Mgt.,* 266 AD2d 508).

Furthermore, the plaintiff failed to demonstrate that she had sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing all of the material acts which constituted her usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (*see, Licari v Elliott, supra; Harney v Tombstone Pizza Corp.,* 279 AD2d 609; *Greene v Miranda,* 272 AD2d 441; *Carpluk v Friedman,* 269 AD2d 349; *Rum v Pam Transp.,* 250 AD2d 751). Santucci, J. P., Altman, Florio, H. Miller and Cozier, JJ., concur.