■ LAUREL A. PALASEK, Appellant, v NICOLE M. MISITA et al., Respondents. [734 NYS2d 587] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 5, 2001, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants made a prima facie showing of entitlement to judgment as a matter of law by submitting evidence demonstrating that the plaintiff did not sustain a serious injury (*see,* Insurance Law § 5102 [d]; *Gaddy v Eyler,* 79 NY2d 955). Thus, it was incumbent upon the plaintiff to raise a triable issue of fact. The plaintiff failed to do so. The affidavit of the plaintiff's examining physician was based on an examination conducted 5½ years after the accident, improperly relied on unsworn medical reports and test results of other physicians (*see, Trent v Niewierowski,* 281 AD2d 622; *Goldin v Lee,* 275 AD2d 341; *Diaz v Wiggins,* 271 AD2d 639), and failed to explain the nature of her medical treatment (*see, Massey v She Shang ·Jung,* 280 AD2d 586; *Decayette v Kreger Truck Renting,* 260 AD2d 342). The affidavit also failed to set forth the objective medical tests performed by the examining physician to determine that the plaintiff suffered specifically-quantified restrictions of motion in her neck and back (*see, Delpilar v Browne,* 282 AD2d 647; *Monaco v Davenport,* 277 AD2d 209; *Harewood v Aiken,* 273 AD2d 199). Therefore, the defendants' motion for summary

judgment dismissing the complaint was properly granted. O'Brien, J. P., S. Miller, McGinity, Schmidt and Townes, JJ., concur.