■ Mohamed Kassim, Respondent, v City of New York et al., Defendants, and Gloria Randisi et al., Appellants. [748 NYS2d 265] —In an action to recover damages for personal injuries and property damage, the defendants Gloria Randisi and Steven Basic appeal, and the defendants Ronald Fishman and Adam Fishman separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated July 16, 2001, as denied those branches of their respective motions which were for summary judgment dismissing the cause of action to recover damages for personal injuries insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, those branches of the appellants' respective motions which were for summary judgment dismissing the cause of action to recover damages for personal injuries insofar as asserted against them are granted, that cause of action is dismissed insofar as asserted against the appellants, and, upon searching the record, summary judgment is granted to the remaining defendants dismissing the cause of action to recover damages for personal injuries insofar as asserted against them.

The appellants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Gaddy v Eyler,* 79 NY2d 955, 956-957). In opposition, the plaintiff failed to raise a triable issue of fact that he sustained a serious injury. The plaintiff's treating physician failed to set forth what objective tests, if any, he used in arriving at his conclusion concerning the alleged restriction of motion in the plaintiff's cervical spine (*see Slasor v Elfaiz,* 275 AD2d 771; *Sainte-Aime v Ho,* 274 AD2d 569; *Grossman v Wright,* 268 AD2d 79), and failed to specify the degree of the limitation of motion (*see Linares v Mompoint,* 273 AD2d 446; *Kauderer v Penta,* 261 AD2d 365; *Smith v Askew,* 264 AD2d 834; *Lobo v Singh,* 259 AD2d 523; *DiNunzio v County of Suffolk,* 256 AD2d 498; *Merisca v Alford,* 243 AD2d 613).

Furthermore, the plaintiff failed to demonstrate that he sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing all of the material acts which constituted his usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (*see Licari v Elliott,* 57 NY2d 230; *Delpilar v Browne,* 282 AD2d 647; *Greene v Miranda,* 272 AD2d 441; *Carpluk v Friedman,* 269 AD2d 349).

Inasmuch as the plaintiff failed to demonstrate that he sustained a serious injury, we search the record and grant summary judgment to the remaining defendants dismissing the cause of action to recover damages for personal injuries insofar as asserted against them. Feuerstein, J.P., Krausman, Luciano, Townes and Cozier, JJ., concur.