■ MARC CLAUDE et al., Appellants, v JOHN CLEMENTS, Respondent. [756 NYS2d 57] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Schmidt, J.), dated September 4, 2001, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion which were for summary judgment dismissing the second cause of action asserted on behalf of the plaintiff Marie Bernard to recover damages for personal injuries and the third cause of action to recover consequential damages, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The defendant established a prima facie case that the plaintiff Marc Claude did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345). The evidence submitted by Claude in opposition to the

motion was insufficient to raise a triable issue of fact. The affidavit of his examining physician improperly relied upon medical reports prepared by other physicians (*see Philippe v Ivory,* 297 AD2d 666; *Palasek v Misita,* 289 AD2d 313; *Delgado v Hakim,* 287 AD2d 592). The affidavit, which was based on an examination conducted over five years after the accident, failed to specifically quantify any loss of range of motion in Claude's cervical and lumbar spines (*see Kassim v City of New York,* 298 AD2d 431; *Philippe v Ivory, supra*; *Linares v Mompoint,* 273 AD2d 446; *Kauderer v Penta,* 261 AD2d 365).

Claude failed to demonstrate that he sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180-day period immediately following the accident (*see Licari v Elliott,* 57 NY2d 230; *Delpilar v Browne,* 282 AD2d 647; *Greene v Miranda,* 272 AD2d 441; *Carpluk v Friedman,* 269 AD2d 349).

However, in support of that branch of the motion which was for summary judgment dismissing the complaint to the extent that it is asserted by Marie Bernard, the defendant failed to establish his prima facie entitlement to judgment as a matter of law on the ground that Bernard did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The defendant submitted the affirmed medical report of his examining orthopedist, which referred to a herniated disc in Bernard's lumbar spine and quantified the range of motion of her lumbar spine without comparing it to the normal function. The defendant failed to demonstrate that Bernard's injury was not causally related to the subject accident or was not serious within the meaning of Insurance Law § 5102 (d) (*see Hussein v Littman,* 287 AD2d 543; *Volozhinets v DeHaven,* 286 AD2d 437; *Papadonikolakis v First Fid. Leasing Group,* 283 AD2d 470; *Chaplin v Taylor,* 273 AD2d 188). Thus, the sufficiency of Bernard's papers in opposition to the motion for summary judgment need not be considered (*see Chaplin v Taylor, supra*; *Mariaca-Olmos v Mizrhy,* 226 AD2d 437).

Moreover, the third cause of action to recover consequential damages should not have been summarily dismissed. Santucci, J.P., Smith, Goldstein, H. Miller and Mastro, JJ., concur.