■ ALFRED HOWARD et al., Appellants, v JAMES KING et al., Respondents. [762 NYS2d 423] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Dollard, J.), dated March 7, 2002, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Alfred Howard did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

In response to the defendants' prima facie showing that Alfred Howard, the injured plaintiff (hereinafter the plaintiff), did not sustain a serious injury, the plaintiffs submitted, inter alia, the affirmation of Kumar S. Reddy, M.D. Dr. Reddy averred that in the summer of 1998, subsequent to the accident on July 2, 1998, his examination of the plaintiff revealed a 20% loss of range of motion of the plaintiff's neck. Dr. Reddy also performed a straight leg-lift examination on the plaintiff, which showed that the range of motion in the plaintiff's left leg was limited to 60 degrees. A subsequent magnetic resonance imaging examination of the plaintiff's lumbar spine, relied on by Dr. Reddy, revealed disc herniations in the lumbar spine.

According to the plaintiff, after Dr. Reddy prescribed physical therapy, he was treated at least twice a week, for at least the next 1½ years at the Center for Rehabilitation. Additionally, during that time he continued to see Dr. Reddy periodically. Subsequently, his treatment was continued by Dr. Price, the plaintiff's family physician.

On August 28, 2001, Dr. Reddy again examined the plaintiff. He performed numerous range of motion tests and stated that he "continued to find the limitations of motion in [the plaintiff's] back and straight leg rising [sic] deficiencies in [the plaintiff's] leg," and concluded from these examinations and the fact that the limitations had still not resolved themselves that the plaintiff's injuries were permanent.

Contrary to the position of our dissenting colleague, the affirmation sufficiently, albeit barely, detailed the objective medical tests performed by Dr. Reddy. Furthermore, it is clear that the plaintiff still suffered the same limitations as were initially observed, that is, a 20% loss of range of motion in his neck and straight leg raising that was limited to 60 degrees in one leg. Thus, the plaintiffs' proof was sufficient to raise a triable issue

of fact as to whether or not the plaintiff sustained a serious injury under Insurance Law § 5102 (d) (*see Pech v Yael Taxi Corp.,* 303 AD2d 733 [2003]; *Risbrook v Coronamos Cab Corp.,* 244 AD2d 397 [1997]). Florio, J.P., S. Miller, Townes and Mastro, JJ., concur.

Friedmann, J., dissents and votes to affirm the order, with the following memorandum: I respectfully dissent and would affirm the order granting the defendants' motion for summary judgment dismissing the complaint.

In support of their motion for summary judgment, the defendants established a prima facie case that the injured plaintiff did not sustain a serious injury, as defined by Insurance Law § 5102 (d), in the subject accident (*see Gaddy v Eyler,* 79 NY2d 955 [1992]). In opposition to the defendants' motion, the plaintiffs' evidence failed to raise a triable issue of fact on the issue. Much of the evidence submitted by the plaintiffs in opposition to the motion consisted of unsworn medical reports, which should not be considered because they were not submitted in admissible form (*see Grasso v Angerami,* 79 NY2d 813 [1991]; *Buonaiuto v Shulberg,* 254 AD2d 384 [1998]; *Ryan v Xuda,* 243 AD2d 457 [1997]). Further, the affirmation of the injured plaintiff's treating physician, Dr. Kumar S. Reddy, was insufficient to defeat the defendants' prima facie showing of their entitlement to summary judgment. Dr. Reddy failed to sufficiently detail what objective medical tests he performed in determining that the injured plaintiff suffered from a loss of range of motion (*see Palasek v Misita,* 289 AD2d 313 [2001]; *Monaco v Davenport,* 277 AD2d 209 [2000]; *Harewood v Aiken,* 273 AD2d 199 [2000]), and he neither specifically quantified nor qualified the injured plaintiff's alleged loss of range of motion (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]). Further, no explanation was given for the almost three-year gap in treatment (*see Slasor v Elfaiz,* 275 AD2d 771 [2000]; *Grossman v Wright,* 268 AD2d 79 [2000]; *Cabri v Myung-Soo Park,* 260 AD2d 525 [1999]). Finally, the plaintiffs' evidence failed to establish that the injured plaintiff sustained a medically determined injury which fell within the 90/180 day category of serious injury (*see Licari v Elliott,* 57 NY2d 230 [1982]; *Delpilar v Browne,* 282 AD2d 647 [2001]; *Greene v Miranda,* 272 AD2d 441 [2000]; *Carpluk v Friedman,* 269 AD2d 349 [2000]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.