■ Avery Lewis, Respondent, v City of New York et al., Defendants, and G.E. Capital Fleet Services et al., Appellants. (And a Third-Party Action.) [768 NYS2d 356]—

In a consolidated action to recover damages for personal injuries, the defendants G.E. Capital Fleet Services, GELCO Corporation, and Alfonse S. Cipaldo, appeal from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated October 25, 2002, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and, sua sponte, transferred the action to the Civil Court, Kings County.

Ordered that the appeal from so much of the order as, sua sponte, transferred the action to the Civil Court, Kings County, is dismissed; and it is further,

Ordered that the order is reversed insofar as reviewed, the motion is granted, the complaint is dismissed insofar as asserted against the defendants G.E. Capital Fleet Services, GELCO Corporation, and Alfonse S. Cipaldo, and the action against the remaining defendants is severed; and it is further,

Ordered that one bill of costs is awarded to the appellants, payable by the plaintiff.

The appellants established, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]). In opposition to the appellants' motion for summary judgment, the plaintiff failed to provide any medical evidence of the extent or degree of her physical limitations and their duration (*see Ersop v Variano,* 307AD2d 951, 952 [2003]; *Dominguez-Gionta v Smith,* 306 AD2d 432 [2003]; *Kassim v City of New York,* 298 AD2d 431, 432 [2002]). While the plaintiff submitted evidence that she was treated by a chiropractor for about nine months after the accident, she did not provide any admissible medical evidence to indicate that she obtained any further treatment for her injuries between her initial treatment and her most recent examination over five years after the accident (*see Sambajon v Everett,* 301 AD2d 510, 511 [2003]; *Crespo v Kramer,* 295 AD2d 467 [2002]; *Mejia v Thom,* 280 AD2d 528 [2001]; *Lauretta v County of Suffolk,* 273 AD2d 204, 205 [2000]).

The plaintiff failed to demonstrate that she sustained a medically-determined injury or impairment of a nonpermanent nature as a result of the accident which prevented her from performing all of the material acts which constituted her usual

and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (*see Gaddy v Eyler,* 79 NY2d 955, 958 [1992]; *Licari v Elliott,* 57 NY2d 230, 236-238 [1982]; *Nager v Ghatan,* 303 AD2d 727, 728 [2003]; *Delgado v Hakim,* 287 AD2d 592, 593 [2001]).

The appeal from so much of the order as, sua sponte, transferred the action to the Civil Court, Kings County, is dismissed, as no appeal lies as of right from that portion of the order (*see Kokalari v Kokalari,* 166 AD2d 418 [1990]). We decline to grant leave to appeal, as the appellants' contention regarding the transfer of the action has been rendered academic. Ritter, J.P., Smith, Friedmann, H. Miller and Crane, JJ., concur.