Smith v Vindigni (2004 NY Slip Op 50493(U))

[*1]

Smith v Vindigni

2004 NY Slip Op 50493(U)

Decided on March 2, 2004

Supreme Court, Suffolk County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 2, 2004

Supreme Court, Suffolk County
FRANK SMITH and DOMENICA SMITH, Plaintiffs,
against
KATHLEEN T. VINDIGNI, CHRISTOPHER CIANO, RONALD CIANO, KATIE MANLY, and EDWARD MANLY, Defendants.
65-01

ANTHONY A. PEARL, P.C., Attorney for Plaintiffs, 114 Old Country Road, Suite 200, Mineola, New York 11501.
PATRICK F. ADAMS, P.C., Attorneys for Defendant Kathleen T. Vindigni, By: Gary A. Pagliarello, Esq., 49 Fifth Avenue, Post Office Box 1089M, Bay Shore, New York 11706.
EPSTEIN, GRAMMATICO, GANN, FRANKINI & MAROTTA, ESQS., Attorneys for Defendants, Christopher Ciano and Ronald Ciano, 1393 Veterans Memorial Highway, Suite 414, Hauppauge, New York 11788.
McCABE, COLLINS, McGEOUGH & FOWLER, LLP, Attorneys for Defendants Katie Manly and Edward Manly, Post Office Box 855, 114 Old Country Road, Mineola, New York 11501.

Mary M. Werner, J.
ORDERED that defendant Vindigni's motion (No.2) and defendants' Ciano, Manly and Vindigni's cross-motions (#3, #4, #5) for summary judgment pursuant to CPLR 3212 dismissing the complaint and all cross-claims are granted to the following extent.
This action arises from a four car chain reaction accident which occurred on January 12, 1998 at the intersection of Portion Road and Avenue B in the County of Suffolk. The plaintiffs' vehicle was the first vehicle in the chain followed by the defendants' Vindigni, Ciano and Manly vehicles.
Defendant Vindigni first moves for summary judgment asserting that her automobile was stopped behind plaintiff's at the time of collision and that there is no non-negligent explanation of the accident that can defeat her motion. Defendants Ciano contends that the Vindigni vehicle came to a sudden stop. The deposition testimony of defendant Katie Manly supports this assertion. The testimony of Christopher Ciano and Katie Manly wherein they indicate that defendant Vindigni failed to apply her turn signal also is some support for the sudden stop proposition.
The court's role in a motion for summary judgment is issue finding, not issue determination. Nor is a motion for summary judgment the correct juncture to determine issues of credibility. See, Dyckman v. Barrett, 187 AD2d 553, 590 NYS2d 224 (2d Dept 1992). Accordingly, defendant Vindigni's motion for summary judgment based upon the proposition that there is no non-negligent explanation for the accident is denied.
Defendants' Vindigni, Ciano and Manly cross-move for summary judgment and dismissal of the plaintiff's complaint and cross-claims for failure to comply with Insurance Law §5102(d) and §5104 in that the plaintiffs failed to sustain a serious injury. The cross-motions are granted.
Plaintiff, Domenica Smith, alleges the following injuries: concussion, headaches, dizziness, spinning and loss of balance, persistent and recurrent dizziness and loss of balance, blurred vision, shortness of breath, fatigue, problems sleeping, post-concussion syndrome, cervical derangement with pain radiating down arm, cervical radiculopathy, and lumbar derangement involving secondary traumatic myofacial pain syndrome.
Plaintiff, Frank Smith, alleges the following injuries; cervical radiculopathy, cervical derangement with pain radiating down shoulder to arms, cervical disc bulges, persistent cervical neck pain, restriction of range of motion and loss of sensation, epidural injections, lumbar derangement involving secondary traumatic myofacial pain syndrome, lumbar disc bulges L3-L4, and persistent lumbar back pain.
Plaintiff, Domenica Smith, was confined to bed and home for three days and plaintiff, Frank Smith was totally disabled for approximately one week. Both plaintiffs assert they are [*2]were unable to pursue their occupation from the date of the accident to the present.
On January 27, 2003 plaintiff Frank Smith was examined by Dr. Joseph P. Stubel, an orthopedic surgeon who concluded that "claimant displays no objective signs of disability with reference to the above stated accident and injuries. I feel that no further orthopedic or physical therapy treatment is required. He can perform his usual activities of daily living and his usual work." On February 3, 2003 Mr. Smith was examined by Dr. Jacob K. Mathews, a neurologist whose diagnosis was a sprain cervical spine, sprain lumbosacral spine, s/p post concussion syndrome and that there is "no objective evidence of any causally related degree of disability."
Plaintiff Domenica Smith was also examined by Dr. Stubel on January 27, 2003. His report concludes that "it is my opinion that despite her subjective complaints, there are no objective signs of disability with reference to the above stated accident and injuries. I feel that no further physical therapy or orthopedic treatment is required. She can perform her usual activities of daily living and her usual work." Ms. Smith was also examined by Dr. Mathews on February 3, 2004 and he concludes that "There is no evidence of any causally related degree of disability..." and "The claimant is able to perform normal daily living activities as well as duties of her occupation."
Plaintiff submits an affirmation from Dr. Mehran Golpariani, a board certified pain management specialist who treated plaintiff Frank Smith since June 20, 2001. Dr. Golpariani states that Mr. Smith continues to suffer back pain, pain in his legs, tingling in his legs, limitations of movement and radiculopathy. He reviewed the MRI which showed L4-5 disc bulge with right narrowing and annular tear at that level. To reduce the symptoms associated the L4-5 disc bulge Mr Smith received a lumbar epidural steroid injection with flucroscopy and epidurogram. Dr. Golpariani concluded "that Frank Smith suffers from a disability that prevents him from doing tasks without pain such as lifting heavy objects, standing or sitting for long periods of time or participating in strenuous activities. Dr. Kevin Schiller, DO examined Mr. Smith on December 8, 2003 and affirms that his "objective tests show both left cervical rotation and right rotation range of motion limitations, with the right range of motion limitations being greatest." Dr. Schiller also examined Domenica Smith on December 8, 2004. He states that Domenica Smith's injuries are casually related to the January 12, 1998 accident, including frequent headaches that last for several days at a time and range of motion limitations and that his "objective tests show right cervical rotation and range of motion limitations, with right cervical pain radiating down the arm. Domenica Smith also had weakened right hand grasp."

Insurance Law § 5102(d) defines the term "serious injury" as "a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system, permanent consequential limitation of use of a body function or system; significant limitation of use of a body function or system; or a [*3]medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment."
On a motion for summary judgment to dismiss a complaint for failure to set forth a prima facie case of serious injury as defined by Insurance Law § 5102(d), the initial burden is on defendants "to present evidence, in competent form, showing that plaintiff has no cause of action" (Rodriguez v. Goldstein, 182 AD2d 396, 582 NYS2d 395 [1st Dept. 1992]). Once defendants have met the burden, plaintiff must then, by competent proof, establish a prima facie case that such serious injury exists (DeAngelo v. Fidel Corp. Services, Inc., 171 AD2d 588, 567 NYS2d 454 [1st Dept. 1991]). Such proof in order to be in a competent or admissible form, shall consist of affidavits or affirmations (Pagano v. Kingsbury, 182 AD2d 268, 587 NYS2d 692 [2d Dept. 1992]). The proof must be viewed in a light most favorable to the non-moving party (Cammarere v. Villanova, 166 AD2d 760, 562 NYS2d 808 [3d Dept. 1990]).
In order to demonstrate that a plaintiff has suffered a "serious injury" for purposes of the No-Fault Law (see Insurance Law §5102 [d]), an expert's qualitative assessment of a plaintiff's condition may suffice, provided that the evaluation has an objective basis and compares the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or system. When supported by objective evidence, an expert's qualitative assessment of the seriousness of a plaintiff's injuries can be tested during cross-examination, challenged by another expert and weighed by the trier of fact. By contrast, an expert's opinion unsupported by an objective basis may be wholly speculative, thereby frustrating the legislative intent of the No-Fault Law to eliminate statutorily insignificant injuries or frivolous claims. Toure v. Avis Rent a Car Sys., 98 N.Y.2d 345 , 746 NYS2d 865 [ 2002].
The defendants made a prima facie showing that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102(d). In opposition the plaintiffs failed to raise a triable issue of fact that they sustained a serious injury. The plaintiffs' physicians failed to set forth what objective tests they used in arriving at the conclusions concerning the alleged restriction of motions of both plaintiffs and failed to specify the degree of limitation of motion. This is fatal to plaintiffs' cause. see, Kassim v. Tandisi , 298 AD2d 431, 748 NYS2d 265 (2d Dept 2002), Lobo v. Singh, 259 AD2d 523, 684 NYS2d 907 (2d Dept 1999). In addition, the plaintiffs' depositions merely contained subjective complaints of pain insufficient to raise triable issues of fact.

Accordingly, the defendants' cross-motions for summary judgment are granted.
Dated: March 2, 2004 MARY M. WERNER, J.S.C.

 FINAL DISPOSITION X NON-FINAL DISPOSITION