█ RACHEL TORRES, Appellant, v SAFETY CAB CORP. et al., Respondents. [806 NYS2d 418]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated November 1, 2004, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The defendants failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of

Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *cf. Gaddy v Eyler,* 79 NY2d 955 [1992]). The affirmation of the defendants' examining physician failed to objectively demonstrate that the plaintiff did not sustain a permanent consequential or significant limitation of the use of her cervical or lumbar spine as a result of the subject accident (*see Black v Robinson,* 305 AD2d 438, 439 [2003]; *see also Aronov v Leybovich,* 3 AD3d 511 [2004]; *Zavala v DeSantis,* 1 AD3d 354 [2003]; *Claude v Clements,* 301 AD2d 554, 555 [2003]; *Gamberg v Romeo,* 289 AD2d 525, 526 [2001]; *Junco v Ranzi,* 288 AD2d 440 [2001]). In light of the defendants' failure to meet their initial burden of establishing a prima facie case, it is unnecessary to consider whether the plaintiff's papers were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]; *Mariaca-Olmos v Mizrhy,* 226 AD2d 437, 438 [1996]).

Accordingly, the Supreme Court erred in granting the defendants' motion for summary judgment. Cozier, J.P., Santucci, Luciano, Fisher and Covello, JJ., concur.